13797

WARD v. BRUCE

(173 S. E., 303)

Before FOSTER, J., County Court, Spartanburg, April, 1932.

*Messrs. L. K. Jennings* and *T. H. Munro,* for appellant.

*Messrs. L. G. Southard* and *J. J. Gentry,* for respondent,

March 7, 1934.

The opinion of the Court was delivered by MR. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

The plaintiff-respondent, Ward, brought suit against the defendant-appellant, Bruce, for damages based upon allegations of malicious prosecution. The cause was heard in the County Court of Spartanburg County, and a jury found a verdict for the plaintiff for $750.00. Upon this verdict judgment was duly entered, and from the judgment this appeal is taken.

The appellant bases his appeal upon three grounds; refusal of motion for nonsuit and refusal of motion for directed verdict, both on the ground that there was no evidence of express malice, and refusal to grant a new trial on the ground that the verdict was so excessive as to imply "passion, prejudice and caprice" on the part of the jury.

The plaintiff lived at Campobello, S. C., and was a credit customer of the merchant, Bruce. The plaintiff owed Bruce $7.04 on open account, and told Bruce that he would give him a check which could be presented to one Rickenbaker, a contractor for whom the plaintiff had

been working and who owed the plaintiff some "time." The plaintiff told the defendant that he had no money in the bank upon which the check prepared by the defendant was drawn. Bruce, the defendant, did not think the check was a sufficient order on Rickenbaker, so he had the plaintiff sign the following paper: "Please let this man, Mr. Bruce, have my time on this check. D. E. Ward."

Bruce presented the order and collected thereon the sum of $6.50, being all of the money due Ward, and this left a balance due Bruce of 54 cents. Bruce promised to give Ward the check after he had made the collection of $6.50, but failed to do so, and later had a magistrate swear out a warrant for Ward charging him with the offense of issuing a fraudulent check; the check having been dishonored by the bank upon which it was drawn. Upon this warrant the plaintiff was arrested and taken to jail where he spent a part of one afternoon. Later he was tried and acquitted, and this action for damages followed.

The statement of facts above set forth is taken largely from the testimony offered by the plaintiff. The testimony of the defendant was in sharp and direct denial of the material portions. From the testimony it also appears that the 54-cent balance was to be carried as a charge account, and that thereafter the plaintiff contracted a further debt with the defendant of some $12.00. It also appears from the testimony of the defendant that the warrant was sworn out to force the collection of the entire amount claimed to be due.

A clear expression of the law governing actions based upon malicious prosecution is to be found in the very recent case of *Jennings v. Clearwater Mfg. Co.* (S. C.), 172 S. E., 870. Based upon the doctrine of the *Jennings case,* it is clear that the first and second specifications of error, relative to refusal to grant a nonsuit and refusal to direct a verdict, cannot be sustained.

This Court has been frequently urged to grant new trials based upon the ground of excessive damages both actual and punitive, but it has been very seldom,

if ever, that such grounds have been sustained. The writer of this opinion recalls the case of *Strickland v. Moskos*, 131 S. C., 247, 127 S. E., 265, written by him when on another occasion he was acting as an Associate Justice of this Court. The size of the verdict in that case "shocked his conscience" and he was in favor of a reversal of the judgment, but the other members of the Court, no one of whom is now a member of the present Supreme Court, were more impervious, and the judgment was affirmed.

In matters of this nature this Court willingly relies upon the sound discretion of the presiding Judge. Because of his wide and varied experience there is little, if any, danger of his being swept aside from a wise exercise of his judgment by those feelings and influences which often sway the minds of jurors. The knowledge of the case gained by the trial Judge by reason of his presence and attention during every stage of the trial is by far greater than that obtained by this Court through a most careful reading of the cold type of the transcript.

The judgment of the lower Court is affirmed.

Mr. Chief Justice Blease and Messrs. Justices Stabler, Carter and Bonham concur.