14185

WARD v. BRUCE

(182 S. E., 759)

*Messrs. Taylor, Hines & Sellars* and *Hamer & Leonard,* for appellant,

*Messrs. L. G. Southard* and *J. J. Gentry,* for respondent,

December 6, 1935.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This action, one for damages for malicious prosecution, was tried in the Spartanburg County Court on December 20, 1932, and resulted in a verdict for the plaintiff for $750.00. The case finally reached us on appeal in 1934, and the judgment was duly affirmed (172 S. C., 148, 173 S. E., 303) and the remittitur sent down. Thereafter the appellant moved this Court for permission to make a motion in the Spartanburg County Court for a new trial on after-discovered evidence. The request, in an order dated April 11, 1934, was refused in the following language: "The judgment of this Court has long since been transmitted to the clerk of the County Court of Spartanburg County; this Court is without jurisdiction to entertain the motion." Attorneys for the appellant then appeared before the County Judge and asked that he grant a new trial on newly-discovered evidence; but in an order dated April 26, 1934, he refused to

entertain the motion, holding that the County Court was without jurisdiction to do so. From that order this appeal is taken.

The Court has given to the important question raised by the exceptions the consideration it deserves. We are of opinion, and so hold, that Rule 24 of the Supreme Court, as construed in *State v. Hawkins,* 121 S. C., 290, 114 S. E., 538, 27 A. L. R., 1083, applies to civil cases as well as to criminal cases. No good reason appears why it should not do so. In view of this holding, it seems that the order of this Court, dated April 11, 1934, was inadvertently issued, and the Court of its own motion rescinds such order. It also follows that the conclusion reached by Judge Thompson, that the County Court was without jurisdiction to entertain the motion of the appellant, was correct.

As to defendant's exceptions to the order settling the case for appeal, we find that certain papers printed in the transcript of record, which the trial Judge allowed on motion of the plaintiff, are unnecessary to a proper determination of the question of jurisdiction presented for decision.

The judgment of the Court is:

1. That the order of the County Court in the main appeal be affirmed.

2. That the appellant be granted leave to renew his motion at the December, 1935, term of this Court.

3. That the respondent pay for the printing of defendant's petition of April 13, 1934, of plaintiff's demurrer, return and answer, and of all affidavits.

And it is so ordered.

MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISHBURNE concur.