J. P. ROBERTSON, EXECUTOR OF J. H. ROBERTSON, DECEASED, AND J. P. ROBERTSON AS AN INDIVIDUAL, v. B. F. ROBERTSON AND WIFE, BERTIE ROBERTSON; BESSIE COLEMAN AND HUSBAND, E. D. COLEMAN; INA WILLIFORD AND HUSBAND, R. D. WILLIFORD; RUBY WILLIFORD (WIDOW); WALTER T. ROBERTSON; ETTA ROBERTSON (WIDOW); MARY ROBERTSON PHILLIPS AND HUSBAND, WILLIAM PHILLIPS; JAMES PROCTOR ROBERTSON AND MARGIE MAY ROBERTSON, A MINOR 18 YEARS OF AGE.

(Filed 7 November, 1940.)

1. **Wills § 45—Debts of husbands of beneficiaries held not chargeable against beneficiaries under provision of will that debts of beneficiaries inter se should be chargeable against their respective shares.**

This action was instituted by the testator's son in his individual capacity and as executor, seeking to enforce, against his sisters the provisions of the will that debts of the children *inter se* should be paid out of the indebted child's share in the personalty. It appeared from the evidence, including plaintiff's testimony, that testator devised to the daughters the respective tracts of land which testator had rented on a cash annual basis to their husbands, that the debts asserted by plaintiff were balances due him on accounts for goods purchased from plaintiff's mercan-

tile store for expenses of operating farms on the said tracts, and that the accounts were in the names of the respective husbands. *Held:* The debts were debts of testator's sons-in-law and testator's daughters were not liable therefor, since, even granting the debts were incurred for necessary living expenses, such debts are the liability of the husbands alone, and the daughters not being the owners of the land at the time the debts were incurred, they may not be held liable therefor on any equitable principle, and it may not be held that the debts were contracted by their husbands as their implied agents, nor may the debts be held to come within the intent of the testamentary provision in the face of its clear, unambiguous provision specifying only the debts of one child to another.

**2. Husband and Wife § 2—**

The duty to support the family is that of the husband and not of the wife, and debts contracted for living expenses are his individual, separate obligation.

**3. Same—**

Where the husband rents land for farming operations from his wife's father, the wife is not liable for debts contracted for necessary farming operation upon any principle of equity, since she is not the owner of the land and the husband cannot be held to have contracted the debts for her under an implied agency.

**4. Executors and Administrators § 29—**

Testator's son instituted this action in his individual capacity and as executor to recover against testator's daughters for debts alleged to be due by them to him and to charge the distributive shares of the daughters respectively with the debts under provision of the will. *Held:* The action was instituted and maintained for the benefit of plaintiff in his individual capacity, and upon judgment for defendants, the costs of the action must be taxed against plaintiff individually.

APPEAL by defendants Bessie Coleman and Ina Williford from *Williams, J.,* at August Term, 1940, of WAKE. Reversed.

Civil action for debt and to require payment thereof out of assets in hands of plaintiff executor.

J. H. Robertson died testate in June, 1937. Plaintiff, J. P. Robertson, and the defendants, Ina Williford and Bessie Coleman, are children of the deceased.

The will of plaintiff's testator contains the following provision: "Item 12: If any one of my children at the time of my death should be indebted to any other one of said children, then the portion of the personal estate to be paid to such child as may be so indebted shall be used to pay off the indebtedness of such child or as much thereof as same will pay, and my executor hereinafter named shall carry out this provision of my will."

Plaintiff, during the lifetime of his father, conducted a mercantile business. E. D. Coleman, husband of defendant Bessie Coleman, and her son Hubert Coleman, ran charge accounts with the plaintiff. At

the time of the death of plaintiff's intestate the balance due on these two accounts amounted to $973.41. R. D. Williford, husband of the defendant Ina Williford, also had a charge account in his own name and another in the name of R. D. Williford and Cecil Langley, a tenant. At the time of the death of plaintiff's testator the total amount due on these accounts was $761.79.

About 1927 or 1928 J. H. Robertson divided his land and on one tract he built a house and rented the same to the husband of defendant Bessie Coleman. He likewise built a house on another tract and rented the same to the husband of defendant Ina Williford. Each has been in possession of the respective tracts since, cultivating same on a rental basis. In his will plaintiff's testator devised the tract occupied by E. D. Coleman to the defendant Bessie Coleman and devised the tract rented by R. D. Williford to the defendant Ina Williford.

The plaintiff, alleging that the respective accounts contracted by E. D. Coleman and by R. D. Williford "was incurred for living expenses of said defendants and their respective families and for farming operations on the lands devised to each respective devisee, and it was the intention of J. H. Robertson, deceased, that these debts should be paid out of the interest of the respective beneficiaries under his will," instituted this action to recover judgments for the amounts due and to subject the respective shares of Bessie Coleman and Ina Williford to the payment of the debts contracted and owing by their respective husbands.

The cause having been referred, the referee found the facts and concluded "that the intention of the testator was that the indebtedness of the two sons-in-law, E. D. Coleman and R. D. Williford, to the son J. P. Robertson, said debts being contracted for the use and benefit of their said wives, daughters of testator, should be a charge on the residuary share of said daughters in the net personal estate."

When the cause came on to be heard by the court below on exceptions to the referee's report, the court overruled the exceptions filed, affirmed the findings of fact and conclusions of the referee and entered judgment on the report. The defendants Bessie Coleman and Ina Williford excepted and appealed.

*Little & Wilson* for plaintiff, appellee.
*Thomas W. Ruffin* for defendant Ina Williford, appellant.
*W. H. Rhodes* for defendant Bessie Coleman, appellant.

BARNHILL, J. The debt due J. P. Robertson, which he seeks to have declared a charge upon the interest of Bessie Coleman in the personal estate of her deceased father, is not her debt but the debt of her husband. The referee so found. Not only are these findings binding upon the plain-

15—218

tiff, who did not appeal, but they are supported by the plaintiff's own testimony. In respect thereto he testified as follows: "It was all charged to E. D. Coleman and Hubert. . . . I have not charged a single item of this account to Bessie Coleman. I have never charged one cent to Bessie Coleman. . . . I would not say that Bessie Coleman ever authorized me to charge anything against her." The same may be said as to the account plaintiff seeks to charge against the interest of Ina Williford. This account was the account of R. D. Williford. The finding in respect thereto is likewise supported by the evidence of the plaintiff, who testified: "The entire account is charged to R. D. Williford. His wife's name does not appear on my books and she is not charged with the account. I always charged the account to Mr. Williford. Mr. Williford made all arrangements about opening this account and trading with me. Whatever he said is what went. If his wife came and wanted anything it was all charged to him on one account. I do not have any writing of any kind whereby Mrs. Ina Williford promised to pay the account of R. D. Williford."

The mere statement of facts makes it clearly appear that these accounts do not come within the language of the will through which the testator sought to charge against the distributive share of each child any debt due any one of his other children.

Nor can the plaintiff's contention that, as the accounts were contracted for living expenses for the defendants and their families, these debts come within the spirit and purpose of the language of the will. The duty to support the family is that of the husband and not of the wife. The debts were contracted to meet this obligation. The wife was not liable therefor in the first instance and may not be made so now by such specious interpretation of the will.

Neither can the contention of the plaintiff that these accounts constitute debts of the *feme* defendants for the reason that they were contracted in connection with farming operations on land belonging to the respective daughters be sustained. At the time the debts were contracted neither owned the tract upon which she and her family lived. It still belonged to her father. Her husband was in possession as tenant upon an annual cash rent basis. The farming operations were for his benefit. There is no principle of equity which the plaintiff can now invoke to have the court to declare that such debt is, in truth and in fact, the debt of the daughter and not of the son-in-law so as to bring it within the terms of the will.

But, the plaintiff says that under a proper interpretation of the will of the deceased the referee and the court below were justified in concluding that it was the intention of the testator to include the debt of an in-law, as well as a debt of a child, within the provisions of item

twelve of his will. This position is without merit. The pertinent language of the will is clear and unambiguous. It relates only to the debts of one child to another child. No purpose or intent to include an in-law is disclosed either by this section or by the will as a whole. This Court has no authority to amend or enlarge the clear language used by the testator but must interpret his will as it is written.

There is no evidence in the record to support the theory that the husband contracted the debt as agent of the wife. As stated, she did not own the land and there could be no implied agency. Therefore, *Guano Co. v. Colwell,* 177 N. C., 218, 98 S. E., 535; *Croom v. Lumber Co.,* 182 N. C., 217, 108 S. E., 735, and other cases relied on by plaintiffs are not in point.

While this action is instituted in the name of the executor and J. P. Robertson individually, it was, in fact, instituted and maintained for the benefit of the individual plaintiff. He seeks judgments against the defendants and to have such judgments charged against the respective interests of the defendants in their father's estate to the end that he may collect the amount due him. As executor he is only incidentally interested in the outcome. Therefore, the costs must be taxed against the plaintiff J. P. Robertson, individually.

The judgment below is

Reversed.