BESSIE WALL BOWLING, PLAINTIFF v.
JOSEPH WESLEY BOWLING, DEFENDANT.

(Filed 18 May, 1960.)

**1. Appeal and Error § 1—**

Where defendant admits that the lands in question were conveyed to him and plaintiff as husband and wife, and does not make any affirmative allegation of sole ownership by him and does not include in his tender of issues any issue relating to his sole ownership, his exception to the failure of the court to submit such issue will not be considered on appeal, since an appeal will be considered on the theory of trial in the lower court.

**2. Husband and Wife § 14—**

A conveyance to husband and wife creates an estate by the entireties in the absence of fraud or mistake or an agreement that she should hold in trust for him, even though she furnishes no consideration for the conveyance, since in such instance the law presumes a gift to her.

**3. Same—**

Evidence that land was conveyed to husband and wife by the uncle of the husband, that the land was paid for by income and rents from the land, without any evidence of an agreement that the wife should hold her interest in trust for the husband, is insufficient to raise the issue of the husband's sole ownership, the transaction being presumed a gift to the wife, clear, strong and convincing proof being necessary to establish a resulting trust against her.

**4. Trial § 36—**

The court is not required to submit an issue which does not arise upon the pleadings and is not supported by evidence.

**5. Husband and Wife §§ 4, 17—**

Upon the sale of lands held by entireties the proceeds become personalty and belong to the husband and wife as tenants in common, and although they have the right to dispose of the proceeds by contract *inter se* if they so desire, in the absence of such contract the wife's share remains her sole and separate estate. Constitution of N. C., Article X, section 6, G.S. 52-1.

**6. Husband and Wife § 4:    Trusts § 4b—**

Where land held by the entireties is sold and the purchase price is made by checks payable to both husband and wife, and the wife endorses the checks and turns them over to her husband who endorses and cashes same and invests the proceeds in other property, a trust arises by operation of law in favor of the wife in the absence of evidence that she intended to make a gift of her share of the proceeds to him, and she is entitled to an accounting of the proceeds.

**7. Trusts § 4c—**

The fact that a beneficiary of a trust acquiesces in the investment of the trust funds does not support an inference or conclusion that she is estopped to assert her rights under the rule of trust pursuit.

**8. Divorce and Alimony § 16—**

Allegations and evidence to the effect that the husband separated himself from his wife and failed to provide her with necessary subsistence makes out a *prima facie* case for the recovery of alimony without divorce under G.S. 50-16.

**9. Same—**

The husband is under moral and legal duty to support the wife and, although the earnings and means of the wife are matters to be considered in determining the amount of alimony, the fact that the wife has property or means of her own does not relieve the husband of the duty to furnish her reasonable support according to his ability.

**10. Same—**

An instruction in an action for alimony without divorce that if the jury answered the issue in the affirmative the amount of alimony which the court would allow would be terminated by a subsequent divorce, must be held for prejudicial error, since a subsequent divorce would terminate the alimony only in certain instances, G.S. 50-11, and the instruction might leave the impression with the jury that a verdict for plaintiff would be less onerous for defendant than the law provides, and might influence them to return a verdict in plaintiff's favor on less evidence than they would have otherwise required.

APPEAL by defendant from *Hobgood, J.,* January 1960 Regular Civil Term, of WAKE.

Defendant and plaintiff are husband and wife.

Plaintiff's complaint states two causes of action.

(1) For alimony without divorce and attorneys fees. It is alleged that plaintiff and defendant were married 3 September 1950, that plaintiff has been a faithful and dutiful wife to defendant, and worked and applied all her earnings "to the joint expenses of maintaining a home for herself and for the defendant," that on or about 2 November 1958 defendant informed plaintiff that he was going · to leave her, removed all his clothes and personal belongings from their home while she was absent, separated himself from her, has made only token payments for her support since leaving, and has refused to make adequate provision for her, and that he has an income sufficient to support the plaintiff in keeping with their station in life.

(2) For an accounting for funds of plaintiff held by defendant for her benefit under a resulting trust. It is alleged that plaintiff and defendant owned a farm as tenants by the entirety, they sold the farm and defendant used the net proceeds of $6,000.00 in setting up a dance studio in Wilson, N. C., defendant has sold the studio for $8,000.00 and refuses to account to plaintiff for her half of the proceeds.

Both plaintiff and defendant offered evidence at the trial.

The issues submitted and the jury's responses thereto are as follows:

"1. Were the plaintiff and defendant married to each other, as alleged in the Complaint? Answer: Yes.

"2. Did the defendant on 2 November 1958 wrongfully separate himself from plaintiff and thereafter fail to provide her with the necessary subsistence, according to his means and condition in life, until the date of the institution of this action on 24 November 1958? Answer: Yes.

"3. Did the plaintiff entrust her one-half share of the net proceeds from the sale of said farm to the defendant? Answer: Yes.

"4. Has the defendant failed to account to the plaintiff for her one-half share of the net proceeds from the sale of said farm? Answer: Yes.

"5. If issue No. 4 is answered Yes then what amount of money is plaintiff entitled to recover from the defendant? Answer: $4,000.00."

The court entered judgment for plaintiff in the second cause of action in the sum of $4,000.00 with interest, and in the first cause of action decreed alimony of $80.00 per month and allowed attorneys fees of $300.00. Defendant appealed and assigned errors.

*William Joslin for plaintiff.*
*Moore & Moore and Bailey and Dixon for defendant.*

MOORE, J. We consider the causes of action in inverse order.

(1) The second cause of action — accounting for funds allegedly held by defendant in trust for plaintiff:

Defendant assigns as error the failure of the judge to submit an issue as to the true ownership of the farm which plaintiff alleges was owned by her and defendant, her husband, as tenants by the entirety. Defendant now contends that plaintiff owned no interest in the farm, that it was purchased from defendant's uncle and paid for by income and rents from the land.

It is alleged in the complaint and admitted in the answer "that the title to said property (farm) was taken in the name of Joseph Wesley Bowling and wife, Bessie Wall Bowling, as evidenced by deed recorded . . ." There is no affirmative allegation of sole ownership by defendant in his answer. At the outset of. the trial, plaintiff and defendant stipulated: "C. N. Lawrence and wife, Mary B. Lawrence, executed a deed for a 99.7 acre farm to Joseph Wesley Bowling and wife, Bessie Wall Bowling; . . . and that the purchase price of said farm was $15,000.00" and "that Joseph Wesley Bowling and wife, Bessie Wall Bowling, executed a purchase money deed of trust . . . to J. Russell Nipper, Trustee for C. N. Lawrence and wife, Mary B. Lawrence, for the sum of $15,000.00 payable at the rate of $1,000.00 per year, with interest," and "that Joseph Wesley Bowling and wife, Bessie Wall Bowling, executed a deed for said 99.7 acre farm to C. M. McDaniel and wife, Thelma M. McDaniel . . . and . . . that the sales price of said 99.7 acre farm was $8,000.00."

In apt time defendant tendered issues. He did not tender an issue relating to the ownership of the farm. It is clear that the contention made here was not asserted by defendant below, and the case was tried upon the theory that defendant conceded that he and his wife had owned the farm as tenants by the entirety. Upon the record it is our opinion that the judge was correct in proceeding on this theory. An appeal will be considered here on the theory adopted by the court and parties below. *Waddell v. Carson,* 245 N.C. 669, 673, 97 S.E. 2d 222.

"A deed to a husband and wife, nothing else appearing, vests title in them as tenants by entirety." *Edwards v. Batts,* 245 N.C. 693, 696, 97 S.E. 2d 101; *Byrd v. Patterson,* 229 N.C. 156, 48 S.E. 2d 45. There is no pleading or evidence to the effect that plaintiff's name was inserted in the deed, in the instant case, through fraud or mistake or

that, at the time or prior to the execution and delivery of the deed, plaintiff agreed to hold the land in trust for defendant. There is nothing in this record which takes the transaction out of the well settled doctrine of the common law that when land is conveyed to husband and wife jointly they take by the entirety. *Morton v. Lumber Co.*, 154 N.C. 278, 70 S.E. 467. Where a husband purchases realty and causes the conveyance to be made to him and his wife, the law presumes a gift to the wife and no resulting trust arises; and to rebut the presumption of a gift and establish a resulting trust the evidence must be clear, strong and convincing. *Honeycutt v. Bank*, 242 N.C. 734, 741, 89 S.E. 2d 598.

It is true that the trial judge has the duty to submit to the jury all material issues arising upon the pleadings. G.S. 1-200; *Griffin v. Insurance Co.*, 225 N.C. 684, 686, 36 S.E. 2d 225. But the issue here contended for does not arise either upon the pleadings or the evidence.

Defendant also assigns as error the ruling of the court below that a trust arises by operation of law in favor of the wife when property owned by the entirety is sold and the wife permits the husband to use the entire net proceeds for his own purposes.

We find no error in the court's ruling. When land held as a tenancy by the entirety is sold, the proceeds derived from the sale are personalty and belong to the husband and wife as tenants in common, but they have the right to dispose of the proceeds by contract *inter se* if they so desire. *Wilson v. Ervin*, 227 N.C. 396, 399, 42 S.E. 2d 468. The personal property of a feme covert, to which she may become in any manner entitled, shall be and remain the sole and separate estate and property of such female. Constitution of North Carolina, Article X, section 6. G.S. 52-1. In *Etheredge v. Cochran*, 196 N.C. 681, 146 S.E. 711, a wife received checks from her parents as a personal gift to her, she endorsed and delivered them to her husband and he used the proceeds to purchase property for himself. The Court declared: "The doctrine is clearly stated in *Stickney v. Stickney*, 131 U.S., 227, 33 Law Ed., 136, 143: 'Whenever a husband acquires possession of the separate property of his wife, whether with or without her consent, he must be deemed to hold it in trust for her benefit, in the absence of any direct evidence that she intended to make a gift of it to him. . . . The transaction raises not the presumption of a gift from the wife to the husband, but the presumption that he received and must account for the money.'" See *Bullman v. Edney*, 232 N.C. 465, 61 S.E. 2d 338.

The fact that a beneficiary of a trust acquiesces in the investment of the trust fund does not support the inference or conclusion that

she is estopped to assert her rights under the rule of trust pursuit. *Trust Co. v. Barrett*, 238 N.C. 579, 588, 78 S.E. 2d 730.

The answer in the case *sub judice* does not allege that there was any contract or agreement with respect to the disposition of the proceeds from the sale of the farm. The evidence relating to the sale and disposition of the proceeds is substantially as follows: (Plaintiff's version). The net proceeds of the sale was approximately $6,000.00. Two checks were given in payment, payable to plaintiff and defendant. Plaintiff endorsed both and defendant deposited the money in a bank account so that they could open a dance studio in Wilson. They discussed selling the farm and plaintiff agreed so that she and her husband could open the dance studio. Defendant never asked her to make a gift of money to him or any part of it. Plaintiff was employed in Raleigh. The dance studio was set up and operated by defendant and two other persons. (Defendant's version). Defendant obtained the necessary capital for opening the studio by sale of the farm. He told plaintiff this was his only means of getting capital for the venture and asked her to sign the necessary papers. He doesn't recall that she made any particular comment, but she did agree to sell and signed the necessary papers. She endorsed the checks. He cannot recall that there was any particular statement made by her, at the time of endorsing the checks, relative to the ownership of the money and checks. She did not demand a property settlement until after they separated. He sold the studio for $8,000.00.

It is clear that there was no legally binding contract or agreement which will bar an accounting on behalf of the plaintiff.

We have examined the other assignments of error relating to the second cause of action and they are overruled. In the trial of the second cause of action we find no prejudicial error.

(2) The first cause of action—for alimony without divorce and attorney fees.

The evidence makes out a *prima facie* case for alimony without divorce. Since there must be a new trial on the first cause of action, we refrain from a discussion of the evidence.

G.S. 50-16 provides in part: "If any husband shall separate himself from his wife and fail to provide her . . . with the necessary subsistence according to his means and condition in life . . . the wife may institute an action in the Superior Court of the county in which the cause of action arose to have a reasonable subsistence and counsel fees allotted and paid . . ." This action was founded on these provisions. In such case, it is incumbent upon plaintiff to provide allegation and proof, (1) that husband has separated himself from his wife,

and (2) has failed to provide her with the necessary subsistance according to his means and condition in life. *Trull v. Trull,* 229 N.C. 196, 198, 49 S.E. 2d 225.

"It is the duty of a husband to support and maintain his wife . . . There is not only a moral obligation resting on the husband to support his wife, but also a duty imposed by law. . . . The duty of support resting on the husband does not depend on the adequacy or inadequacy of the wife's means or on the ability or inability of the wife to support herself by her own labor or out of her own separate property. The fact that the wife has property or means of her own does not relieve the husband of his duty to furnish her reasonable support according to his ability. . . . And the mere fact that the wife does not demand that the husband support her does not excuse him from the performance of his duty." 41 C.J.S., Husband and Wife, sec. 15, pp. 404 *et seq.*

The earnings and means of the wife are matters to be considered by the judge in determining the amount of alimony. G.S. 50-16.

In the course of the charge on the second issue, the court instructed the jury: "Now, if you answer the 2nd issue Yes as well as the 1st issue Yes, then the wife would have prevailed in the first cause of action and as a result the Court would sign the judgment wherein a certain amount per month would be set up, legally speaking, that the defendant would have to pay to the plaintiff for support during their coverture, that is, during the time they were married; of course, if they were divorced that would be the end of that payment, there being no children involved here."

In this instruction the court fell into error. A decree of absolute divorce shall not impair or destroy the right of the wife to receive alimony and other rights provided for her under any judgment or decree of a court rendered before the rendering of the judgment for absolute divorce, except in case of divorce obtained with personal service on the wife, either within or without the State, upon the grounds of the wife's adultery and except in case of divorce obtained by the wife in an action initiated by her on the ground of separation for the statutory period. G.S. 50-11. *Porter v. Bank,* 249 N.C. 173, 179, 105 S.E. 2d 669.

In giving the challenged instruction, we think the court might have inadvertently left the impression with the jury that a verdict for plaintiff would be less onerous for defendant than the law provides. Indeed, the jury might have been influenced by this instruction to return a verdict in plaintiff's favor on less evidence than they otherwise would have required.

The defendant is entitled to a new trial on the *second issue*. The verdict is not otherwise disturbed.

The provisions of the judgment below making an allowance of $80.00 per month for the benefit of plaintiff and assessing attorney fees are vacated and set aside. But the judgment is in all other respects affirmed.

Error and remanded.