19668

Eugene PATTERSON, Respondent, v. J. R. BOGAN, and
Ernest Kerr, Appellants.

(198 S. E. (2d) 586)

88

*Messrs. James M. Arthur,* of Union, and *Frank K. Sloan,* of Columbia, *for Appellants,* cite:

*Melvin L. Roberts, Esq.,* of York, *for Respondent,* cites:

August 1, 1973.

LEWIS, Justice:

This action for malicious prosecution resulted in a verdict for plaintiff in the amount of $5,000.00, actual damages, and $15,000.00, punitive damages, from which defendants have appealed.

This controversy arose out of a transaction between the parties relative to a junkyard business and the ownership thereof. We recite only so much of the facts thereabout as are essential to an understanding and disposition of the issues properly presented in the appeal.

Defendants owned an automobile junkyard located near Jonesville, South Carolina, and, in 1970, sold, according to their testimony, a one-half interest therein to plaintiff. Plaintiff contends, on the other hand, and so testified, that, instead of a one-half interest, he purchased the entire junkyard business.

After plaintiff operated the junkyard for several months he attempted to sell the entire business and removed much of the property and equipment from the premises. Defendants, contending that plaintiff was not the sole owner but only owned a one-half interest in the business, demanded that plaintiff return the property, which plaintiff refused to do. Upon the refusal to return the property, defendants signed a warrant charging plaintiff with the crime of larceny. Pursuant to this warrant, plaintiff was arrested and required to post bail in the amount of $1500.00 in order to secure his release. The warrant was subsequently dismissed by the magistrate; and plaintiff, thereafter, instituted this action against defendants for malicious prosecution, alleging that they maliciously procured the issuance of the warrant for larceny without probable cause.

Defendants argue their exceptions under six (6) questions. Some of these involve issues not timely or properly raised in the lower court and, for that reason, will not be

considered on appeal. Questions 1, 4, and 5 fall in this category.

In view of its effect upon other issues, the third question will be first considered. This involves a determination of whether a copartner may be convicted of larceny of partnership property. The trial judge, over the objection of the defendants, instructed the jury "that a copartner in the business cannot be convicted of larceny of the partnership property or for defrauding the partnership." It is contended that (1) the foregoing principle has never been adopted in this State; but, if so, (2) it has been changed by the adoption of the Uniform Partnership Act in 1950 and subsequent decisions of this Court, so that a partner is now criminally liable for the theft of partnership property.

As a general rule, a partner cannot be convicted of larceny of partnership property. Wharton's Criminal Law, Section 500; 52A C. J. S. Larceny § 40b; 50 Am. Jur. (2d) Larceny, Sections 83 and 84; Annotations; 169 A. L. R. 372 (Larceny by a partner), 43 A. L. R. (2d) 1253 (False pretense or allied criminal fraud by partner), 17 A. L. R. 982 (Embezzlement by partner).

*Wharton, supra,* states the rules as follows: "As each partner is the ultimate owner of an undivided interest in all the partnership property, none of such property can be said, with reference to any partner, to be the property of another. It is therefore generally held that a partner cannot be convicted of larceny of partnership property which he has appropriated to his own use."

Apparently the foregoing principle has been stated in only two prior decisions in this State. These are: *State v. Grumbles,* 100 S. C. 238, 84 S. E. 783, and *State v. Simmons,* 209 S. C. 531, 41 S. E. (2d) 217. Defendants take the position that the references in these cases are dictum and that this Court has never adopted the view that a partner cannot be convicted of larceny of partnership property. We disagree.

These cases could not have been decided as they were except upon the basis of the adoption of the general rule.

In *Grumbles,* defendant was indicted for breach of trust with fraudulent intent. He contended on appeal that the evidence showed conclusively that he and the prosecuting witness were engaged in a partnership and that the court should have directed a verdict of not guilty upon that ground instead of submitting the issue to the jury. While the opinion is very brief, defendant's contention, of necessity was based on the legal principle that a partner could not be convicted of defrauding the partnership. The action of the lower court in submitting the issue as to the existence of a partnership was affirmed. In doing so, the court stated: "Of course, if the two men were copartners there could be no conviction under the indictment." If the court had not recognized the principle as controlling, there would have been no need to determine whether the testimony presented a factual issue as to the existence of a partnership.

In *Simmons,* the defendant was convicted of forging notes and mortgages with intent to defraud a banking partnership. His defense was that he forged the instruments as the agent of one of the bank partners and that, as such agent, he could not be convicted since his principal (a co-partner) could not be convicted of defrauding the partnership. The Court, in passing upon the issues, had to deal with the defense of the defendant in order to determine if certain rulings and statements of the trial judge were prejudicial. In the course of determining the legal principles, "applicable to the exceptions" in the case, the Court stated:

"Under the common law, and under the accepted law of this State, a copartner in a business cannot be convicted for defrauding the partnership. [citing *State v. Grumbles, supra.*] It may be that there is no sound reason for this principle of law, but it has existed for time immemorial, and I see no reason in the instant case for ignoring or modifying such principle of law."

The foregoing cases establish the general rule in this State that a partner cannot be convicted of larceny of partnership property.

Defendants further contend, however, that the above rule has been changed by the Uniform Partnership Act (Section 52-1 *et seq.*, 1962 Code of Laws) and subsequent decisions of this Court. We find nothing in the Act or the subsequent decisions of this Court which has overruled the *Grumbles* and *Simmons* decisions.

It is argued that the Uniform Partnership Act, adopted in 1950, "firmly settled the point that a partnership is a *separate entity* from the partners themselves, and its property is treated as such," pointing out that Code Section 52-52(2) (a) expressly provides that individual partners have no right to use partnership property except on partnership business. This statement is the premise for the further contention that, since the partnership is a separate entity, larceny of partnership property by a partner is not larceny of his own property but that of the separate partnership entity.

The decision in *Chitwood v. McMillan,* 189 S. C. 262, 1 S.E. (2d) 162, decided prior to the adoption of the Uniform Partnership Act, recognized the principle that for certain purposes "a partnership under the law is an entity, separate and distinct from the persons who compose it." The Uniform Partnership Act apparently recognizes this principle. This, however, does not change the nature of the ownership or right to possession of personal property of the partnership. Partners own such partnership property jointly and each has an equal right to its possession and control.

The instruction to the jury that a partner could not be convicted of larceny of partnership property was in accord with the rule adopted in this State.

Defendants' "Question 2" involves the contention that the lower court erred in refusing their motion for a directed verdict. The sole ground of the motion in the

lower court was "that from the testimony malice has not been shown"; and, under settled principles, our consideration of this question is limited to that issue.

Plaintiff testified that he purchased the entire junk yard business from defendants; while defendants said that they only sold him a one-half interest therein and that plaintiff held the property as a partner in the business. In either event, as the sole owner or a partner, plaintiff could not have been guilty of larceny. Both defendants testified that their sole purpose in procuring the issuance of the warrant charging plaintiff with larceny was to secure the return of the property. The foregoing testimony constituted evidence of malice and required the submission of that issue to the jury. *Margolis v. Telech,* 239 S. C. 232, 122 S. E. (2d) 417; *Ward v. Bruce,* 172 S. C. 148, 173 S. E. 303.

The further contention that defendants acted upon the advice of counsel in procuring the warrant and that such fact eliminated the element of malice, as a matter of law, cannot be sustained. By their own admissions, the motive of defendants in procuring the arrest of paintiff was to compel the return of the property in question. A warrant signed for this purpose would constitute an abuse of the process of the courts and would constitute evidence of malice, effectively depriving defendants of the defense of advice of counsel. *Baker v. Hornik,* 57 S. C. 213, 35 S. E. 524.

Finally, defendants argue that the verdict was so grossly excessive and unconscionable as to indicate that it was the result of caprice and prejudice on the part of the jury. We consider this question solely upon the basis of the admissions of counsel in oral argument that a motion for a new trial was made in the lower court upon that ground, since the record fails to show that such a motion was made. In any event, there is no merit in the contention that the verdict was so excessive as to indicate caprice or prejudice on the part of the jury.

There is testimony that the warrant was served on plaintiff in the presence of other people; he was required to post bond in the amount of $1500.00 to secure his release and to pay $500.00 as attorney's fees for his defense; he lost four (4) days from work; the worry and embarrassment caused by the prosecution adversely affected his health; and he estimated his business loss at about eight to ten thousand dollars.

In determining the excessiveness of an award for punitive damages, the main things to be considered are the character of the tort committed, the punishment which should be meted out therefor, and the ability of the wrongdoer to pay.

In addition to the previously stated testimony concerning the tort committed, the record shows that defendants own approximately six hundred fifty (650) acres of land and have various business interests. The testimony sustains the conclusion that both have substantial wealth. One of the defendants indicated some hesitancy when asked if he would sell his business interests for half a million dollars.

Under this testimony, the amount awarded by the jury for actual and punitive damages has a reasonable basis in the record and, therefore, is not so excessive as to indicate caprice, passion or prejudice on the part of the jury.

Judgment affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.