PEGGY W. McCLURE v. THOMAS G. McCLURE

No. 8218SC1057

(Filed 4 October 1983)

1. **Husband and Wife § 17— sale of entirety property—proceeds held as tenants in common**

   When real property held as tenants by the entirety is sold, the proceeds are ordinarily held as tenants in common.

2. **Husband and Wife § 1— husband's duty to support family**

   A husband has a duty to support his family regardless of the wealth of the wife, and the wife is not liable for debts incurred to meet this obligation.

3. **Husband and Wife § 1.1— spousal joint savings account—implied consent for use for family purposes**

   Creation of a spousal joint savings account as a matter of law implies consent by each spouse to use by the other of funds from the account for purposes of sustaining the family or enhancing its standard of living, and upon divorce one spouse is not required to account for and reimburse sums expended for family purposes from a spousal joint account which originated in part from the other spouse's separate earnings and estate.

APPEAL by plaintiff from *Helms, Judge.* Judgment entered 25 May 1982 in Superior Court, GUILFORD County. Heard in the Court of Appeals 29 August 1983.

*Eugene S. Tanner, Jr., for plaintiff appellant.*

*No brief filed for defendant appellee.*

WHICHARD, Judge.

I.

The issue is whether funds from a joint savings account to which a husband and wife contributed equally, which were then

McClure v. McClure

used by the husband for support of the family, must upon divorce be deducted entirely from the husband's share of the account. We answer in the negative.

## II.

The court made the following findings of fact, to which plaintiff does not except:

Plaintiff and defendant owned, as tenants by the entirety, real property located in Virginia. They sold this property for $64,553.58, and applied $41,736.19 of that sum toward the purchase of a house in Greensboro. They placed the remaining $22,817.39 in a joint savings account from which defendant, over a period of time, withdrew $4,849.02 for application to support or enhancement of the standard of living of his wife and children.

With these funds defendant purchased the following items: a refrigerator, a TV and table, a lawnmower, landscaping at the parties' residence, gutters for the residence, a garage door opener, and a 1974 Dodge automobile. Plaintiff now has title to the automobile and a writ of possession to the home, which contains the other items which defendant purchased with funds from the joint account.

Shortly before the parties separated, plaintiff withdrew $5,500 from the account.

## III.

Plaintiff seeks to recover her share of the joint account. She claims entitlement to one-half of the original balance of $22,817.39, minus the $5,500 which she withdrew. She contends that defendant had a unilateral duty to support her and the children, and that he could not draw on her share of the joint account to fulfill that obligation.

The trial court, based on the foregoing findings of fact, concluded

as a matter of law that the cash obtained from the sale of the Virginia residence retained its characteristic as entirety property, and, as such, the defendant was entitled to exclusive possession of that cash for such time as the parties were legally separated or divorced, but that the same could

be charged with the support of the defendant's wife and children; that the amounts previously referred to in findings of fact expended by the defendant were expended for the purpose of supporting his wife and children in the total amount of $4,849.02; that after said expenditures the amount of $17,968.37 was left remaining as entireties property, of which sum the plaintiff upon her divorce from the defendant was entitled to $8,984.19; that as the plaintiff has previously withdrawn the sum of $5,500.00 from said sum, she is presently entitled to recover from the defendant the sum of $3,484.19, as of October 7, 1981.

It accordingly entered judgment for plaintiff in the sum of $3,484.19 plus interest from 7 October 1981.

Plaintiff appeals.

## IV.

[1]   We note that the trial court incorrectly concluded "that the cash obtained from the sale of the Virginia residence retained its characteristic as entirety property." Under Virginia law, that would have been the case. *Oliver v. Givens*, 204 Va. 123, 126-27, 129 S.E. 2d 661, 663 (1963). The law of the situs controls, however, *see Ellison v. Hunsinger*, 237 N.C. 619, 624, 75 S.E. 2d 884, 889 (1953); and under North Carolina law, which does not recognize an estate by the entirety in personal property, when real property held as tenants by the entirety is sold the proceeds are ordinarily held as tenants in common. *Bowling v. Bowling*, 252 N.C. 527, 531, 114 S.E. 2d 228, 231 (1960); *Bowling v. Bowling*, 243 N.C. 515, 519, 91 S.E. 2d 176, 180 (1956).

The erroneous conclusion in this regard is immaterial to the ultimate result, however.

## V.

[2]   The following principles are generally relevant:

A husband has a duty to support his family. *Ritchie v. White*, 225 N.C. 450, 452-53, 35 S.E. 2d 414, 415 (1945); 2 R. Lee, *North Carolina Family Law* § 128 (1980). This duty exists regardless of the wealth of the wife. *Bowling v. Bowling, supra*, 252 N.C. at 533, 114 S.E. 2d at 232. The wife is not liable for debts incurred to meet this obligation. *Robertson v. Robertson*, 218 N.C. 447, 450,

11 S.E. 2d 318, 320 (1940). "The personal property of a feme covert, to which she may become in any manner entitled, shall be and remain the sole and separate estate and property of such female." *Bowling v. Bowling, supra,* 252 N.C. at 531, 114 S.E. 2d at 231. The mere fact that one party places his or her funds in a joint account does not constitute a gift to the other party. *Smith v. Smith,* 255 N.C. 152, 155, 120 S.E. 2d 575, 578 (1961). Where a wife relinquishes control over her property by transferring it to her husband, absent direct evidence that she intended to make a gift, the husband is presumed to hold the property in trust for the wife's benefit. *Etheredge v. Cochran,* 196 N.C. 681, 146 S.E. 711 (1929).

In our view, however, the facts presented differ from those of the foregoing cases; and place this case within the general rule that even though a husband has a duty to support his family, the wife has no right to reimbursement from the husband for family support expenditures from her separate estate made with her knowledge and consent. *See* Annot., 101 A.L.R. 442 (1936). The following cases are pertinent:

In *Petersen v. Swan,* 239 Minn. 98, 57 N.W. 2d 842 (1953), a husband and wife, both of whom were employed, placed their separate earnings in a joint account. The wife, who had exclusive control over the account, used it to pay household expenses. The court stated:

> Where, as here, the wife commingled her funds with those of her husband and paid the household expenses out of the common fund without any attempt to segregate her earnings from those of her husband, it must be presumed, in the absence of a showing to the contrary, that she intended to contribute her share toward the household expenses.

*Id.* at 104, 57 N.W. 2d at 846.

In *Spalding v. Spalding,* 361 Ill. 387, 198 N.E. 136 (1935), the wife had used her separate estate during the marriage to pay the parties' rent and other living expenses. In the divorce proceeding she contended that since her husband had a duty to support her, she was entitled to reimbursement of these sums. The court rejected the argument, stating:

> While [married and living together] it is the duty of the hus-
> band to support and maintain his wife, yet such duty is not a
> debt within the legal acceptance of that term. If a husband
> uses his wife's property for the support of the family with
> her knowledge and consent, a gift of such property by the
> wife may be inferred in the absence of proof of a contrary
> agreement, (citations omitted) and where a wife permits her
> husband to receive the income from her separate estate and
> use it for the family support the circumstances may justify
> the inference of a gift. . . . The law will not imply a contract
> on the part of a husband to re-pay his wife for her property
> brought into, used and consumed in the household . . . .

*Id.* at 394, 198 N.E. at 139. The court also stated that "[p]ublic
policy, ever interested in the maintenance of a harmonious mar-
riage relation, prohibits a contrary rule." *Id.* at 395, 198 N.E. at
139. It reasoned that it would be "disastrous to marital felicity"
to require the husband, after a number of years of using the
wife's estate, to account to the wife for the sums expended. *Id.*

In *Brell v. Brell,* 143 Md. 443, 122 A. 635 (1923), the parties,
like the parties here, had sold property held as tenants by the en-
tireties. The proceeds had been paid to the husband "with the
knowledge and acquiescence of the [wife]." *Id.* at 448, 122 A. at
637. The husband used part of the proceeds to pay a debt to the
wife's son and to meet certain of the parties' living expenses. The
court held that "in the absence of an express promise of the [hus-
band] to repay the amount paid to the [wife's] son and for the liv-
ing expenses . . ., there is no implied obligation on his part to do
so." *Id.* at 449, 122 A. at 637.

We find the reasoning of these cases persuasive. That
spouses today commonly contribute their separate earnings or
estates to joint accounts, and periodically draw therefrom to sus-
tain the family or enhance its standard of living, is a matter of
common and general knowledge. So, too, is the fact that a stand-
ard incident of joint accounts is the unilateral right of any party
to the account to make deposits thereto and withdrawals there-
from. Pursuant to the principle that courts take judicial notice of
subjects and facts of common knowledge, *Smith v. Kinston,* 249
N.C. 160, 166, 105 S.E. 2d 648, 653 (1958), we take notice of these
facts.

[3]   Given these facts, absent clear and convincing evidence to the contrary, creation of a spousal joint account should as a matter of law imply consent by each spouse to use by the other of funds from the account for purposes of sustaining the family or enhancing its standard of living. To require one spouse, upon divorce, to account for and reimburse sums expended for family purposes from a spousal joint account, which originated in part from the other spouse's separate earnings or estate, and from which each spouse had the unilateral right to withdraw funds at any time, would be both highly impractical and disruptive of the marital relationship. We agree with the reasoning of the *Spalding* court that it would be "disastrous to marital felicity" to require one spouse, after a number of years of using for family purposes the other spouse's estate which has been deposited to a spousal joint account, to account to the other spouse for the sums expended, and that "[p]ublic policy, ever interested in the maintenance of a harmonious marriage relation, prohibits a contrary rule." *Spalding, supra,* 361 Ill. at 395, 198 N.E. at 139.

Here, the trial court found as a fact that defendant withdrew the funds in question for the purpose of supporting his wife and children; and plaintiff does not except to that finding. The record contains no basis for holding that plaintiff carried the burden of proving absence of her consent to that use of the funds. Such consent is thus implied from her volitional creation of, and deposit of funds to, the joint account; and the trial court properly declined, upon divorce, to deduct the sums expended from defendant's share of the account.

Affirmed.

Chief Judge VAUGHN and Judge PHILLIPS concur.