STATE OF NORTH CAROLINA v. LINDA BRASWELL BROWN

No. 8524SC1230

(Filed 3 June 1986)

1. **Embezzlement § 4— embezzlement from partnership—indictment not fatally defective**

Indictments charging defendant with embezzlement from a partnership were not patently defective and the trial court erred in dismissing them, since the indictments did not allege that defendant was a partner in the firm from which she allegedly misapplied and converted funds unlawfully.

2. **Embezzlement § 4— motion to dismiss indictment—insufficiency of evidence**

Even if the trial court could consider extraneous evidence in ruling on defendant's motion to dismiss indictments, no such evidence was presented, since only the unsworn representations of defense counsel at the hearing on defendant's motion were before the court, and such representations did not put the State to the burden of proving that defendant was not a partner in the victimized partnership.

3. **Embezzlement § 1.1— no prosecution of partner**

A partner cannot be prosecuted for embezzlement. N.C.G.S. § 14-97.

APPEAL by the State from *Beaty, Judge.* Order entered 19 August 1985 in Superior Court, WATAUGA County. Heard in the Court of Appeals 10 April 1986.

The State appeals from an order allowing defendant's motion to dismiss six indictments charging her with embezzlement in violation of N.C. Gen. Stat. 14-90.

*Attorney General Thornburg, by Special Deputy Attorney General Charles J. Murray, for the State, appellant.*

*Finger, Watson, di Santi & McGee, by Anthony S. di Santi and John A. Turner, for defendant appellee.*

WHICHARD, Judge.

The issue is whether the court erred in dismissing, on the basis of unsworn representations by defense counsel that defendant was a partner in the victimized partnership, indictments which on their face sufficiently charge the offense of embezzlement. We hold that it did.

On 29 July 1985 the Watauga County Grand Jury issued six indictments charging defendant with violations of N.C. Gen. Stat. 14-90, the embezzlement statute, as follows:

> The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did embezzle, fraudulently and knowingly misapply and convert to [her] own use, and take and make away with and secrete with the intent to embezzle and fraudulently misapply and convert to [her] own use [various amounts of] US currency belonging to Lott-Brown, d/b/a Jean Lott, a partnership. At the time the defendant was over 16 years of age and was the administrator, agent, bailee, consignee, clerk, employee, executor, guardian, officer, public officer, receiver, servant, trustee, and fiduciary of Lott-Brown, d/b/a Jean Lott, a partnership and in that capacity had been entrusted to receive the property described above and in that capacity [s]he had received and taken that property into [her] care and possession.

Prior to trial defendant moved to dismiss the indictments pursuant to N.C. Gen. Stats. 15A-952(b) and 954. The motion alleges: "At the time of the incidents alleged by the . . . indictments, and as stated in the indictments, [defendant] was a partner in the partnership known as Lott-Brown, doing business or trading as Jean Lott . . . ." The motion further alleges that: a person engaged in a partnership business in North Carolina cannot be charged with embezzlement pursuant to N.C. Gen. Stat. 14-90 because the partner is an owner of the property allegedly embezzled and the property thus cannot be that of another; the Superior Court has no jurisdiction because the only offense with which defendant could be charged is that of appropriation of partnership funds by a partner to personal use, a misdemeanor under N.C. Gen. Stat. 14-97 over which the District Court has exclusive

original jurisdiction (N.C. Gen. Stat. 7A-272); and the indictments, having failed to charge an offense, should be dismissed.

At the hearing on defendant's motion to dismiss the following dialogue occurred:

> THE COURT: Was there a formal partnership between Gene Lott and [defendant]?
>
> MR. DI SANTI [defense counsel]: Yes, sir; 50-50 partners.
>
> . . . .
>
> THE COURT: Is there any contention or allegation that [defendant] was an employee of the corporation [sic] rather than a partner [?]
>
> MR. DI SANTI [defense counsel]: No, sir; there is not. The partnership agreement requires 50-50 payment of all proceeds or losses.

At the end of the hearing the court stated: "I will allow the defendant's motion to quash the indictment." The court subsequently entered a written order which provided that "the Motions to Dismiss and the Motion to Quash . . . [are] hereby allowed and the indictments are dismissed with prejudice." The State appealed pursuant to N.C. Gen. Stat. 15A-1445(a)(1).

[1] The State contends the court erred in allowing defendant's motion to dismiss because the indictments are not patently defective. We agree. Contrary to the allegations of defendant's motion to dismiss, the indictments do not allege that defendant is a partner in the firm from which she allegedly misapplied and converted funds unlawfully. While the indictments allege that the funds belonged to "Lott-Brown," they do not allege that defendant is the "Brown" in the firm name. Courts take judicial notice of subjects and facts of common knowledge. *Smith v. Kinston*, 249 N.C. 160, 166, 105 S.E. 2d 648, 653 (1958); *McClure v. McClure*, 64 N.C. App. 318, 322, 307 S.E. 2d 212, 215 (1983), *disc. rev. denied*, 310 N.C. 308, 312 S.E. 2d 651 (1984). Pursuant to this principle, we take judicial notice of the commonly known fact that innumerable persons bear the surname "Brown." We thus find the mere presence of defendant's surname in the partnership name insufficient to allege that she is a partner in the firm.

An indictment couched in the language of the statute is generally sufficient to charge a statutory offense. *State v. Palmer,* 293 N.C. 633, 637-38, 239 S.E. 2d 406, 409 (1977); *State v. Barneycastle,* 61 N.C. App. 694, 697, 301 S.E. 2d 711, 713 (1983). The indictments here generally track the language of N.C. Gen. Stat. 14-90. They do not allege that defendant is a partner in the victimized firm, and they are sufficient on their face to charge the offense of embezzlement.

Prior to enactment of Chapter 15A of the General Statutes, the sufficiency of an indictment to allege a criminal offense was challenged by a motion to quash the indictment. It was well-established law that a motion to quash would not lie unless it appeared from an inspection of the bill of indictment that no crime was charged, and the court was not permitted to consider extraneous evidence in ruling on the motion. As stated in *State v. Lee,* 277 N.C. 242, 245, 176 S.E. 2d 772, 774 (1970):

> A motion to quash can be properly allowed on the ground that the matter charged does not constitute a criminal offense. . . . In ruling on a motion to quash, however, the court is not permitted to consider extraneous evidence, and when the defect must be established by evidence *aliunde* the record, the motion must be denied. [Citations omitted.]

*See also State v. Underwood,* 283 N.C. 154, 161, 195 S.E. 2d 489, 493 (1973); *State v. Vestal,* 281 N.C. 517, 520-21, 189 S.E. 2d 152, 155 (1972).

A motion to dismiss under N.C. Gen. Stat. 15A-954(a)(10) for failure of the indictment to charge an offense as provided in N.C. Gen. Stat. 15A-924(e) is the functional equivalent of a motion to quash under the pre-15A practice. Indeed, the court here stated orally that it was allowing "defendant's *motion to quash* the indictment," and the written order states that it allows "the Motions to Dismiss and *the Motion to Quash* the Indictment[s]." (Emphasis supplied.) Since a motion to dismiss under N.C. Gen. Stat. 15A-954(a)(10) for failure of the indictment to charge an offense is the functional equivalent of a pre-15A motion to quash, the foregoing principles regarding motions to quash indictments appear equally applicable to a motion to dismiss an indictment under N.C. Gen. Stat. 15A-954(a)(10). We find nothing in Chapter 15A or in the case law thereunder that suggests otherwise. We thus hold

that the court erred in allowing the motion to dismiss the indictments, which on their face sufficiently allege the offense of embezzlement.

[2] Assuming, *arguendo*, that the court could consider extraneous evidence in ruling on the motion, no such evidence was presented. Only the unsworn representations of defense counsel at the hearing on defendant's motion were before the court. We do not believe such representations put the State to the burden of proving that defendant was not a partner in the victimized partnership. We thus hold that even if extraneous evidence may properly be considered, there was none here and the court thus erred in allowing the motion. The indictments on their face adequately charge defendant with six counts of embezzlement, and the record establishes no basis for dismissing them for failure to charge a crime.

[3] We note that the prosecuting attorney made the following statement at the hearing on defendant's motion: "[U]nder the Common Law a partner cannot be prosecuted for embezzlement. The State concedes that." While the issue apparently has not been decided in this jurisdiction, we agree with that statement of the law. In 50 Am. Jur. 2d, Larceny Sec. 84, we find the following:

> Because of the general principle that an owner or co-owner of property cannot ordinarily be guilty of its larceny in the absence of a statute, a partner cannot steal partnership property, joint owners and tenants in common cannot steal from each other, and members of a voluntary organization having an interest in its funds cannot commit larceny of such funds.

*See also* 29A C.J.S., Embezzlement Sec. 16 at 44 ("In the absence of statutes otherwise providing, it may be stated as a general rule that partners cannot embezzle partnership funds which come into their possession, because of their joint interest or ownership therein."); Annot., 82 A.L.R. 3d 822, 825 ("Each partner is said to have an undivided interest in [partnership] property, and it is this indivisibility which has led, at least in part, to the legal theory that a partner cannot be convicted of embezzlement or larceny of partnership property which comes into his possession or under his control during the course of the partnership business by reason of his being a partner."). The following cases, *e.g.*, are per-

tinent: *Hudson v. State*, 408 So. 2d 224 (Fla. App. 1981); *State v. Elsbury*, 63 Nev. 463, 175 P. 2d 430 (1946); *Patterson v. Bogan*, 261 S.C. 87, 198 S.E. 2d 586 (1973); *State v. Birch*, 36 Wash. App. 405, 675 P. 2d 246 (1984).

In light of these authorities, upon remand the State should consider attempting to determine defendant's status in the victimized firm at the pre-trial stage. If it determines that defendant is in fact a partner in the firm, it should consider dismissing the indictments in the interest of judicial economy. Because of the time limitation established by N.C. Gen. Stat. 15-1, the State cannot now proceed with new indictments pursuant to N.C. Gen. Stat. 14-97, which establishes the misdemeanor offense of appropriation of partnership funds by a partner to his or her own personal use.

The order is reversed, and the cause is remanded for further proceedings on the facially valid indictments.

Reversed and remanded.

Judges ARNOLD and JOHNSON concur.