R. N. SMITH v. NANNIE L. SMITH.

(Filed 16 December, 1925.)

1. Pleadings—Demurrer—Cause of Action—Supreme Court—Courts.

Demurrer to the sufficiency of the allegations of the complaint to state a cause of action may be taken for the first time in the Supreme Court, or the court may dismiss the action *ex mero motu,* when proper, and in such instances for the demurrer to be good, the pleadings must be construed in the light most favorable to the plaintiff, and sustained if the cause of action is sufficiently alleged.

**2. Banks and Banking—Deposit—Joint Accounts—Presumptions—Contracts—Judgments.**

Where under a consent judgment moneys have been deposited in a bank to the joint account of husband and wife, as in other instances, it will be presumed, nothing else appearing, that each was to have an interest therein equal to the other.

**3. Husband and Wife—Survivorship—Lands.**

The right of survivorship existing between husband and wife applies only to real property.

**4. Contracts—Consent Judgments — Pleadings — Demurrer—Banks and Banking—Deposits.**

Where in an action between husband and wife a consent judgment has been entered decreeing that two thousand dollars on deposit in the bank should equally belong to each, with the covenant by the husband that he would sign with his wife, at her request, all deeds for the conveyance of her separate lands, upon the wife's drawing the full deposit, she may not thereafter maintain that the husband had breached his contract in failing to sign her deeds, and successfully resist his recovery of his half of the deposit upon the ground that the contract was indivisible, and he had failed to allege his ability, readiness, etc., to pay her a certain sum of money likewise incorporated in the judgment.

**5. Contracts—Interpretation—Matters of Law—Courts.**

Where an entire contract is in writing, its interpretation is a matter of law exclusively for the court.

APPEAL by defendant from *Schenck, J.,* and a jury, July Term, 1925, STOKES Superior Court. No error.

This was a civil action brought by plaintiff against the defendant to recover $1,000 and interest, under and by virtue of a covenant judgment between them, rendered at April Term, 1923, of the Superior Court of Stokes County.

The following was a provision agreed on in the judgment: "It is further ordered and adjudged by consent of the plaintiff and the defendant Nannie L. Smith, that the one-half of the money deposited in the Bank of Stokes County to the joint credit of the plaintiff and Nannie L. Smith, to wit, the sum of $2,000 be, and the same is hereby declared the property of the plaintiff R. N. Smith."

The defendant contends "that the plaintiff failed and refused to abide by the terms of the consent judgment and sign the deeds of the defendant when tendered him as he agreed to do, under terms contained in the consent judgment." Defendant set up a counterclaim and prayed that plaintiff take nothing by his action and that she recover of the plaintiff on her counterclaim the sum of $4,125.

At the conclusion of all the evidence in the case, the defendant took a voluntary nonsuit as to her counterclaim.

The issue submitted to the jury and its answer thereto was as follows: "What amount, if any, is the plaintiff entitled to recover of the defendant? The jury answered the issue in the sum of $1,000, with interest from 30 November, 1923."

The court below charged the jury as follows: "The court further charges you, gentlemen of the jury, that if you believe the evidence of the witnesses in this case, and find the facts to be as testified to by them, that you should answer the issue submitted, $1,000, with interest thereon from 30 November, 1923."

Defendant excepted and assigned error to the charge of the court and judgment as rendered and appealed to the Supreme Court.

*Geo. L. Jarvis and Holton & Holton for plaintiff.*
*Chas. W. Stevens for defendant.*

CLARKSON, J. In this Court the defendant asked leave to "demur *ore tenus* to the complaint filed by the plaintiff, in that by a reference to the said consent judgment, it will be noticed that the plaintiff, R. N. Smith, agreed to do certain things in consideration of the stipulations agreed to by defendant, Nannie L. Smith, and the complaint does not allege in any manner that the plaintiff, R. N. Smith, was ready, able and willing to perform his part of the said consent judgment."

*Connor, J.,* in *Horney v. Mills,* 189 N. C., 727, lays down the rule as follows: " 'When a complaint does not state a cause of action, the defect is not waived by answering, and defendant may demur *ore tenus,* and the Supreme Court may take notice of the insufficiency, *ex mero motu.'* *Garrison v. Williams,* 150 N. C., 674. Upon this contention it is immaterial whether the answer filed is sufficient or not. The demurrer *ore tenus,* admits the truth of the facts alleged in the complaint. *Hayman v. Davis,* 182 N. C., 563. If the facts alleged in the complaint, admitted to be true, upon consideration of the demurrer, and construed liberally, with every reasonable intendment and presumption in favor of plaintiff, constitute a cause of action, in favor of plaintiff and against defendant, the demurrer must be overruled; otherwise the demurrer must be sustained." The present contract is set out and made a part of the complaint. The construction is a matter of law for the Court. *Snipes v. Monds, ante,* p. 191.

Defendant's position is that the covenants in the judgment were dependent; and the contract an entire one. Plaintiff contends the covenants were independent, divisible and severable.

The parties to this action admit, in reference to the clause of the judgment under consideration, that in the Bank of Stokes County was

deposited $2,000 to their joint credit. The agreement specifically says that "one-half is hereby declared the property of the plaintiff, R. N. Smith."

Under the law of this jurisdiction, nothing else appearing, the money to the joint credit in the bank belonged equally to plaintiff and defendant. In *Turlington v. Lucas*, 186 N. C., p. 290, it was held: "Where there is no evidence that there was an intention of a gift, on which many of the decisions are based, the fundamental of equal rights should prevail, and a division of equal shares adjudged.". The right of survivorship recognized as now existing between husband and wife as to lands held by them in entirety, does not apply to personal property so held.

Defendant had no right to withdraw the $1,000 on deposit belonging to plaintiff. It was his money and the judgment she signed and agreed to declared the one-half of the $2,000 to be the property of plaintiff. In another clause of the judgment, it was agreed: "That if, at any time, the defendant Nannie L. Smith, desires to sell any of her separate land that the said R. N. Smith will execute a deed covering same, upon request of the defendant," etc. She testified: "I didn't pay the $1,000 as indicated in the agreement. The reason I didn't pay it, I did not have anything to pay it with. Another reason was he refused to sign my deeds. After he refused to sign the deeds I considered he broke the judgment and agreement." The agreement was broken when she took his money out of the bank—she cannot now take advantage of the wrong and ask a dismissal of the action because plaintiff did not allege that he was ready, able and willing to perform the part of the contract in reference to signing the deeds.

Plaintiff, after defendant had broken her covenant, testified: "I declined to sign any deed she sent over there until she made some preparations to pay the $1,000, and if she had done that, I would have signed any of them."

The deposit in the bank of $2,000 in the name of both, $1,000 belonged to plaintiff and the judgment declared it to be the property of plaintiff. The defendant might have waited for years before she sold any land and called upon plaintiff to make deeds. Can it be contended that the money under the agreement should stay in the bank until all the land was sold? She may have held the land and never sold it. Under the facts and circumstances of this case, we do not think the covenants of the judgment dependent. We think the court below was correct in the charge. All the other provisions of the judgment contract were executed. The above provisions were the only ones executory.

In *Allemong v. Augusta Nat. Bank*, 103 Va., Rep., p. 248, *Whittle, J.*, says: "This Court has said: 'Perhaps there is no other branch of the law in which is to be found a larger number of decisions or a greater

apparent conflict of authorities than that in which the effort has been made to define the dependence and independence of covenants, and to designate the class to which any given case in dispute is to be referred. The great effort, however, in the more recent decisions has been to discard, as far as possible, all rules of construction founded on nice and artificial reasoning, and to make the meaning and intention of the parties, collected from all parts of the instrument, rather than from a few technical expressions, the guide in determining the character and force of their respective undertakings.' Per *Daniel, J.,* in *Roach v. Dickinson,* 9 Gratt., 154. 'Courts construe agreements so as to prevent a failure of justice, and hold dependent covenants to be independent when the necessity of the case and the ends of justice require it, notwithstanding the form,' " citing cases. *Flour Mills v. Distributing Co.,* 171 N. C., p. 708.

Defendant's demurrer *ore tenus* cannot be sustained. We can find No error.