KATHERINE ANN BOWLING AND BILLIE JEAN BOWLING, MINORS, BY THEIR NEXT FRIEND, ROGER S. UPCHURCH, v. AGNES P. BOWLING, INDIVIDUALLY, AGNES P. BOWLING, ADMINISTRATRIX OF THE ESTATE OF DR. WM. W. BOWLING, AND AGNES P. BOWLING, GUARDIAN OF KATHERINE ANN BOWLING AND BILLIE JEAN BOWLING.

(Filed 3 February, 1956.)

**1. Husband and Wife § 15a—**

An estate by the entirety in personal property is not recognized in this State.

**2. Estates § 16—**

Nothing else appearing, money in a bank to the joint credit of husband and wife and also stock issued to husband and wife, belong one-half to the husband and one-half to the wife.

**3. Same—**

Where agreements relating to deposits provide that each should be held for the account of a husband and wife as joint tenants with right of survivorship and not as tenants in common, and the agreements are executed by both husband and wife, the right of survivorship exists pursuant to the contracts, and upon the death of the husband the widow is entitled to take the whole.

APPEAL by plaintiffs from *Hall, J.*, at October 1955 Term, of DURHAM.

Civil action to determine and declare the ownership of certain savings accounts, securities and stock recorded in the joint names of Agnes P. Bowling and her husband, Dr. Wm. W. Bowling, now deceased.

The parties stipulate, and the court finds that the facts are as set forth in the verified complaint and admitted in the verified answer filed herein. Pursuant thereto, and upon further stipulation as hereinafter stated, the parties desired the court to make a determination of the cause and enter judgment accordingly.

The facts are substantially these:

I. The defendant Agnes P. Bowling and William W. Bowling were married in June 1936, and the infant plaintiffs are the children born of this marriage. He died intestate on 23 October, 1954. She was living with him at the time of his death, and their children have continued to live, and are now living with her. And she is the duly qualified, and acting administratrix of his estate, and also the duly qualified and acting general guardian of her said children.

II. Agnes P. Bowling, individually, claims the properties which are the subject of this action as her sole property but, as administratrix of her husband's estate, and as guardian of her said children, she desires the advice of the court as to the proper disposition of said properties, and she is, therefore, joined as a defendant in her capacities as administratrix and as general guardian for the purpose of determining the rights of the parties in said properties.

III. The estate of William W. Bowling had ample personal assets exclusive of the properties which are the subject of this action to discharge all administration expenses, debts and taxes of all kinds.

IV. The four items in controversy are these: (1) On July 12, 1948, Agnes P. Bowling personally and without her husband opened a savings account, No. 1384, with Security Building and Loan Association, Inc., of Durham, North Carolina, and a savings share account book was issued in the following name: "Mrs. Agnes P. Bowling &/or Dr. W. W. Bowling, 1017 Demarias Street." The name of Dr. W. W. Bowling was placed on the account at the request of Mrs. Bowling. No joint account was executed through error, but the Association has always recognized that the account was a joint account with the right of the survivor to withdraw the funds individually. The initial deposit of $5,000 on 12 July, 1948, was derived (a) partly from a savings account with Fidelity Bank of Durham, North Carolina, recorded in the name of "Agnes Paulk Bowling," which she opened March 30, 1943, and over which she had sole control as to pass book, deposits and withdrawals, and (b) partly from a "joint account," opened February 23, 1937, with the Depositor's National Bank of Durham, North Carolina, in the

name of "Dr. and/or Mrs. W. W. Bowling or the survivor,"—"the signature card and contract with the Bank with respect to said bank account" authorized the bank "to recognize either of the signatures— 'W. W. Bowling—Mrs. W. W. Bowling'—in the payment of funds, or the transaction of any other business for our account. Either one, or the survivor, or both may sign checks; and the signature of either shall be sufficient for the withdrawal of all, or any part, of the funds standing to the credit of the above account."

With respect to the Savings Share Account, No. 1384, the Savings Share Account Book has been usually in the physical control and possession of Agnes P. Bowling, but there is no independent record of the source of or identification of deposits or the disposition of the withdrawal therefrom, but withdrawals in the amount of dividends credited to the account were made by Agnes P. Bowling and deposited in individual savings account of minor plaintiffs.

(2) On August 1, 1941, an optional savings account, No. 375, in name of "Bowling, Dr. W. W. or wife, Mrs. Agnes P. Bowling" was opened up with the Home Building & Loan Association of Durham, North Carolina, by a cash deposit and execution of a written agreement with said institution with respect to such account, which was signed by Mrs. Agnes P. Bowling and W. W. Bowling, and provided: "It is understood and agreed that the shares hereby subscribed for are issued by the association, and all moneys paid or that may hereafter be paid thereon are paid by the undersigned, and such shares together with all accumulations thereon are held by the Association for our account, as joint tenants with right of survivorship and not as tenants in common, and that said shares may be resold subject to the by-laws of the Association, by either before or after the death of either, and either is authorized to pledge the same as collateral security to a loan." Money deposits of $100 and $200 were made by Agnes P. Bowling.

(3) On January 14, 1949, a Savings Share Certificate Account No. 182-B was opened up with the First Federal Savings & Loan Association of Durham, North Carolina, by a deposit and execution of a written agreement with said institution with respect to such account, which was signed by Agnes P. Bowling and W. W. Bowling. Exhibit C. The account as set forth in the Exhibit is designated "Membership of joint holders (with right of survivorship) of a share account." It reads in part: "The undersigned hereby apply for a membership and for a joint share account in the First Federal Savings & Loan Association of Durham, North Carolina, and for the issuance of evidence of membership in the approved form in the joint names of the undersigned as joint tenants with the right of survivorship and not as tenants in common . . .," and certificate was issued in accordance therewith.

There is no independent record of the source of deposits. The dividend accumulations were withdrawn from time to time by Mrs. Agnes P. Bowling and placed in accounts of the infant plaintiffs. $1,000 was withdrawn on March 20, 1952 by W. W. Bowling and employed for the purchase of an automobile.

(4) In addition to the savings accounts above described there was certificate for 125 shares of the common stock of Life & Casualty Insurance Company of Tennessee registered with the company as follows: "William W. Bowling and Mrs. Agnes Paulk Bowling, as joint tenants with right of survivorship and not as tenants in common."

V. The cause came on for hearing before Hall, Judge Presiding, at October 1955 Civil Term of Superior Court of Durham County, the parties having stipulated as aforesaid and "having further stipulated that Agnes P. Bowling had no source of earned income during her marriage, that her husband, Dr. Wm. W. Bowling, had a substantial income from his dental practice prior to his death, and that from time to time during the marriage real estate was sold, the record title of some being in her name alone, some in his name alone, with the greater part being in both names as tenants by the entirety.

"And it further appearing to the court that the parties are unable to produce any competent evidence of any further or additional facts regarding the ownership of the personal property which is the subject matter of this action.

"The court, therefore, finds the facts to be as admitted in the pleadings and as stipulated by the parties, as above stated."

Thereupon the court concluded as matters of law: (1) Both with respect to the Savings Share Account No. 1384 (item 1 above) with the Security Building & Loan Association, and with respect to the 125 shares of common stock of Life & Casualty Company of Tennessee (item 4 above) that (a) the facts are insufficient to establish that either the estate of Wm. W. Bowling, deceased, or Agnes P. Bowling is the sole owner of the entire funds of the account, or of said shares of stock; (b) a presumption of equal ownership by the co-depositors of said funds or by the registered holders of the shares of stock applies to the account in the one case, and to the shares of stock in the other, and (c) that in the one case the estate of Wm. W. Bowling, deceased, is the owner and entitled to possession of one-half of the funds and accrued dividends and interest thereon, and in the other is the owner and entitled to one-half of the stock, and that in each case Agnes P. Bowling is the owner and entitled to the other one-half.

And (2) both with respect to the Optional Savings Account No. 375 (item 2 above) with the Home Building & Loan Association, and with respect to the Savings Share Certificate Account No. 182-B (item 3

above) and with the First Federal Savings & Loan Association, (a) that in each case there was a valid written contract covering the account, which contract in each case was executed by W. W. Bowling (Wm. W. Bowling) and Agnes P. Bowling, copies of which were attached to the complaint as an exhibit; (b) that by the terms of the contract in each case it was agreed that the survivor of Wm. W. Bowling and Agnes P. Bowling would be the owner of the funds on deposit in the account; and (c) that Agnes P. Bowling as the survivor is the sole owner and entitled to possession of the entire funds in said account and accrued dividends and interest thereon.

Judgment was entered in accordance with the conclusions of law just stated.

Plaintiff moved to set aside the conclusions of law in respect to each of the four items as hereinabove stated, the subject matters of this case, on the ground that the court erred in so far as it is concluded that Agnes P. Bowling is the owner and entitled to possession of any of the funds or of the stock. Motions were denied, in each instance, and plaintiff excepted to each.

From judgment signed, plaintiff appeals to Supreme Court and assigns error.

*Roger S. Upchurch for plaintiffs, appellants.*

*Albert W. Kennon for defendant, appellee.*

WINBORNE, J. In connection with the assignments of error based upon the exceptions taken and presented on this appeal, it must be borne in mind that an estate by the entirety in personal property is not recognized in North Carolina. *Turlington v. Lucas,* 186 N.C. 283, 119 S.E. 366; *Davis v. Bass,* 188 N.C. 200, 124 S.E. 566; *Smith v. Smith,* 190 N.C. 764, 130 S.E. 614; *Winchester-Simmons v. Cutler,* 194 N.C. 698, 140 S.E. 622; *Dozier v. Leary,* 196 N.C. 12, 144 S.E. 368; *Wilson v. Ervin,* 227 N.C. 396, 42 S.E. 2d 468.

And, under the laws of this jurisdiction, nothing else appearing, money in bank to the joint credit of husband and wife belongs one-half to the husband and one-half to the wife, as this Court held in *Smith v. Smith, supra.*

Moreover, as stated by *Denny, J.,* writing for the Court in *Wilson v. Ervin, supra,* "When property held by tenants by the entirety is sold, the proceeds from the sale will not be held as tenants by the entirety with the right of survivorship. Ordinarily, nothing else appearing, the proceeds from the sale of properties held by the entireties are held as tenants in common, but the parties would have the right to determine by contract what disposition should be made of the funds or how they

should be held." And the opinion then goes on to say that "Since the abolition of survivorship in joint tenancy, G.S. 41-2, the right of survivorship in personalty, if such right exists, must be pursuant to contract and not by operation of law or statutory provision," citing *Taylor v. Smith,* 116 N.C. 531, 21 S.E. 202.

In the light of these principles applied to the facts in hand the wife, Agnes P. Bowling, would in any event be entitled to one-half of the four items of subject matter in controversy; and since the parties having contracted and agreed that the savings accounts described hereinabove as the second and third items, respectively, were held by them "as joint tenants with right of survivorship, and not as tenants in common," the right of survivorship existed, and in so holding the trial judge ruled in accordance with decisions of this Court.

Hence the judgment from which plaintiff appeals is

Affirmed.