WILSON COUNTY, A MUNICIPAL CORPORATION v. MAUDE H. WOOTEN, INDIVIDUALLY, AND MAUDE H. WOOTEN, EXECUTRIX OF THE WILL OF MAMIE L. HARRELL, DECEASED.

(Filed 14 January, 1960.)

**1. Estates § 9—**

While survivorship by operation of law in joint tenancies in personalty has been abolished, G.S. 41-2, joint tenancies with right of survivorship may be created by contract.

**2. Same: Banks and Banking § 4—**

Where two persons *sui juris* enter into a contract that funds on deposit in their joint account should constitute a joint tenancy with right of survivorship, the survivor is entitled to the funds free from the claims of the heirs or the personal representative or creditors of the deceased tenant in the absence of allegation and evidence that the tenancy was established with the intent to defraud the creditors of the deceased tenant.

HIGGINS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Paul, J.,* March Term, 1959, of WILSON.

This is an action against Maude H. Wooten, individually and as executrix of the last will and testament of Mamie L. Harrell, deceased, a former resident of Durham County, North Carolina, but who was residing in Wilson County, North Carolina, at the time of her death, to recover $1,478.00 which the Welfare Departments of Durham and Wilson Counties paid to the said Mamie L. Harrell in Old Age Assistance, pursuant to the provisions of G.S. 108-17 through 108-43. An Old Age Assistance Lien was duly filed by the plaintiff in the office of the Clerk of the Superior Court of Wilson County, North Carolina, and docketed in Lien Docket 4, page 367.

This cause was heard below by the Presiding Judge, without a jury, upon the pleadings and stipulated facts. It was agreed that the court, after hearing arguments of counsel, might consider the pleadings and agreed facts and then enter judgment out of term, out of the county,

and out of the district. The pertinent parts of the judgment entered below on 18 August 1959, as of the March Term 1959, are as follows:

"It does not appear from the pleadings nor from the agreed facts when the written agreement (Plaintiff's Exhibit B) was executed by Mamie L. Harrell and Maude H. Wooten and delivered to the National Bank of Wilson, nor from what source Mamie L. Harrell acquired said funds. The pleadings and agreed facts do not suggest that the arrangement or agreement among Mamie L. Harrell, Maude H. Wooten, and the National Bank of Wilson was other than bona fide, nor do they suggest that Mamie L. Harrell failed to make a full disclosure of said agreement and savings account to the Welfare Departments when she applied for and received Old Age Assistance grants from said departments.

"From the pleadings and said agreed facts, the court concludes as a matter of law that the balance of $1639.55 in the savings account as set out in * * * the agreed facts, upon the death of Mamie L. Harrell on October 29, 1957, under the terms of the written agreement or contract executed by Mamie L. Harrell and Maude H. Wooten and filed with the National Bank of Wilson, in which banking institution said funds had been deposited, became the property of Maude H. Wooten, personally, and that said savings account did not pass to Maude H. Wooten, as executrix of the estate of Mamie L. Harrell.

"The court is of the opinion and further concludes as a matter of law that the said Maude H. Wooten's right of survivorship in the $1639.55 savings account in the National Bank of Wilson became effective upon the death of Mamie L. Harrell pursuant to the terms of the written agreement or contract executed by said parties and filed with said bank.

"The agreed facts stipulate that Maude H. Wooten, executrix, tendered to plaintiff a check for $185.83 as the remaining funds and only money of the Harrell estate subject to application on plaintiff's claim; that plaintiff declined to accept said check. No argument or question has been made as to the proper handling and distribution of the assets of said estate EXCEPT as it relates to the $1639.55 savings account item. Plaintiff contends, and has asked the court to decree that, under the facts of this case, it is entitled to have its claim paid in full from the $1639.55 item as assets of the Mamie L. Harrell estate. The defendant, Maude H. Wooten, individually, denies that said savings account item is an asset of the estate; she denies that any part of said savings account item is subject to, or should be reached as an asset of the Harrell estate in discharging plaintiff's claim. Such has been the theory of this trial.

"It is, therefore, ordered, adjudged and decreed that plaintiff is not entitled to recover of the defendant any portion of the $1639.55 savings account item to the discharge of its Old Age Assistance Liens, nor is it entitled to recover any portion of said $1639.55 savings account item to the discharge of its claim filed with Maude H. Wooten, executrix for Old Age Assistance grants made to Mamie L. Harrell by said Welfare Departments. This action by plaintiff, as it relates to said $1639.55 savings account item, is dismissed."

From the foregoing judgment the plaintiff appeals, assigning error.

*Carr & Gibbons for plaintiff.*
*Moore & Moore for defendant.*

DENNY, J.   It is conceded that Mamie L. Harrell and Maude H. Wooten established a joint savings account in the National Bank of Wilson pursuant to a contract duly executed by the parties, referred to hereinabove as plaintiff's Exhibit B, and which reads as follows:

"We agree and declare that all funds now, or hereafter, deposited in this account are, and shall be our joint property and owned by us as joint tenants with right of survivorship, and not as tenants in common; and upon the death of either of us any balance in said account shall become the absolute property of the survivor. The entire account or any part thereof may be withdrawn by, or upon the order of either of us or the survivor.

"It is especially agreed that withdrawals of funds by the survivor shall be binding upon us and upon our heirs, next of kin, legatees, assigns and personal representatives."

All deposits in the above account were made by the decedent. Therefore, the question for determination is whether a creditor of the decedent has a claim against the decedent's money deposited in such account, superior to the rights of the surviving tenant. There seems to be no question about the right of a creditor to levy upon and take the interest of a living tenant in a joint tenancy for the satisfaction of his debts. Powell on Real Property (1956), section 618; Thompson on Real Property, Joint Tenancy, Volume 4, section 1783; *Woolard v. Smith*, 244 N.C. 489, 94 S.E. 2d 466; *Spikings v. Ellis*, 290 Ill. App. 585, 8 N.E. 2d 962; *Gwinn v. Commissioner of Internal Revenue*, 287 U.S. 224, 77 L. Ed. 270.

The survivorship in joint tenancies by operation of law has been abolished in this jurisdiction. G.S. 41-2. However, such a tenancy may be created by contract. *Taylor v. Smith*, 116 N.C. 531, 21 S.E. 202; *Jones v. Waldroup*, 217 N.C. 178, 7 S.E. 2d 366; *Wilson v. Ervin,*

227 N.C. 396, 42 S.E. 2d 468; *Bunting v. Cobb*, 234 N.C. 132, 66 S.E. 2d 661; *Bowling v. Bowling*, 243 N.C. 515, 91 S.E. 2d 176.

Under common law principles applicable to joint tenancies the survivor takes the entire property, free and clear of the claims of heirs or creditors of the deceased tenant, and the personal representative of such tenant has no right, title or interest therein. *Spikings v. Ellis, supra; Petty v. Petty*, 220 Ky. 569, 295 S.W. 863; *In re Jackson's Estate*, 112 Cal. App. 2d 16, 245 P 2d 684; *In re Kaspari's Estate* (N.D.), 71 N.W. 2d 558; *Hill v. Havens*, 242 Iowa 920, 48 N.W. 2d 870; *In re Ware's Estate*, 218 Miss. 694, 67 So. 2d 704; *In re Zaring's Estate*, 93 Cal. App. 2d 577, 209 P 2d 642; *Able-Old Hickory Building & Loan Ass'n. v. Polansky*, 138 N.J. Eq. 232, 47 A 2d 730; *Bradley v. State*, 100 N.H. 232, 123 A 2d 148; *Guitner v. McEowen*, 99 Ohio App. 32, 124 N.E. 2d 744; *Hoover v. Hoover*, 90 Ohio App. 148, 104 N.E. 2d 41; *City of Corning v. Stirpe*, 27 N.Y. Supp. 2d 418, 262 App. Div. 14, Affirmed 293 N.Y. 808, 59 N.E. 2d 176; *Goggin v. Goggin*, 59 R.I. 145, 194 A 730, 113 A.L.R. 569; *Musa v. Segelke & Kohlhaus Co.*, 224 Wis. 432, 272 N.W. 657, 111 A.L.R. 168; 48 C.J.S., Joint Tenancy, section 1, page 910, *et seq.;* 14 Am. Jur., Cotenancy, section 6, page 80.

Our Legislature has not enacted any statute with respect to the rights of creditors against property held by virtue of a contract creating a joint tenancy with right of survivorship, except as to the right of survivorship in bank deposits created by a written agreement by husband and wife. Chapter 404 of the Session Laws of North Carolina, 1959, codified as G.S. 41-2.1.

Therefore, we are constrained to follow the applicable principles of the common law with respect to such tenancies and to apply them in this case. To hold otherwise would invade the field of legislation, which is outside the proper sphere of judicial interpretation.

In the absence of allegations and proof that a joint tenancy with the right of survivorship was made with the intent to defraud creditors, the surviving tenant will take the assets held in such tenancy, free from the claims of the heirs or creditors of the deceased tenant. *Bradley v. State, supra.* It follows, therefore, that since there is no allegation of fraud or evidence tending to show that the tenancy involved herein was established with the intent to defraud the creditors of the deceased tenant, we hold that the defendant, Maude H. Wooten, took the proceeds of the savings account involved, free from the claims of the heirs or creditors of the deceased tenant, Mamie L. Harrell.

Hence, the judgment of the court below is in all respects.
Affirmed.

HIGGINS, J., took no part in the consideration or decision of this case.