CASSIE V. LEE SMITH v. CHARLIE H. SMITH, PEOPLES SAVINGS
& LOAN ASSOCIATION OF WILMINGTON, N. C., AND FIRST-CITI-
ZENS BANK & TRUST CO. OF CLINTON, N. C.

(Filed 16 June, 1961.)

**1. Banks and Banking § 4—**

Money deposited in a bank to the joint credit of a husband and wife,
nothing else appearing, belongs one-half to the husband and one-half
to the wife, but when it is made to appear that the funds deposited were
the sole property of the husband, such deposit remains his property
with mere agency to the wife to withdraw funds from the account.

**2. Same: Gifts § 1—**

The fact that a husband deposited funds belonging solely to himself
in a joint account with his wife does not constitute a gift *inter vivos*
to the wife of any part of the funds, his act in so doing being alone
insufficient to evidence an intent to make her a gift, and the husband
not having divested himself of dominion over the funds.

**3. Husband and Wife § 15—**

There is no community property law in North Carolina, and income
and profit from a farm owned by the husband, or even a farm owned
by husband and wife by the entireties, are his separate and sole property.

**4. Banks and Banking § 4:   Building and Loan Association § 1—**

While a husband by contract may vest in his wife ownership or a
property right in all or any portion of a joint bank account, including
the right of survivorship, provision of a joint deposit in a building and
loan association stipulating that the deposit "shall be for the use and
benefit of us both," is insufficient to create a trust in her favor or to
constitute her the owner of any part of the funds belonging solely to him
at the time the deposit was made. The right of survivorship is not in-
volved and G.S. 41-2.1 is not applicable.

APPEAL by plaintiff from *Williams, J.,* November 1960 Term of
BLADEN.

Action by plaintiff wife to recover  one-half of amount deposited in
two savings accounts in the name of defendant husband *or* plaintiff
wife.

The cause was tried, without the intervention of a jury, upon the
admissions in the pleadings and facts stipulated by the parties.

The admissions and stipulations are:

"That the plaintiff, Cassie V. Lee Smith, and the defendant Charlie
H. Smith were married in 1920, and that they lived together as hus-
band and wife from the time of their marriage up until January, 1960,
on a farm in Bladen County, containing a total of about 51 acres,
owned by defendant Charlie H. Smith prior to marriage."

In January 1960 plaintiff and defendant separated and "are now
living separate and apart from each other."

On 6 April 1955 the sum of $5,000 was deposited in Peoples Savings and Loan Association, Wilmington, N. C., and at the time of this deposit plaintiff and defendant signed and left with the Association the following agreement:

NO. 7170

| Smith | Charlie H. or Mrs. Cassie Smith |
|-------|---------------------------------|
| Last Name | First Name. |

AGREEMENT CONCERNING STOCK IN PEOPLES SAVINGS AND LOAN ASSOCIATION.

Wilmington, N. C. 4-6-55

Each and both of the undersigned hereby agree that the shares in the Peoples Savings and Loan Association issued to or standing in the names of the two persons whose names are signed below, either now or hereafter, are and shall be for the use and benefit of each and both of us, and the said Association is hereby authorized and empowered to pay from time to time any part or all of the withdrawal value of said shares to either of the undersigned upon receipts signed by only one of us, or upon endorsement of any certificate for any part or all of said shares by either of us.

It is further stipulated and agreed between the undersigned that upon the death of either of us the survivor shall be entitled to and be the sole owner of Shares in said Association then standing in the names of both of us, and the said Association is authorized and empowered upon the death of either of us to transfer said Shares absolutely to the survivor, or pay to the survivor the withdrawal value of any or all such Shares.

There is deposited in a savings account in the First-Citizens Bank and Trust Company, Clinton, N. C., the sum of $1,000 to the credit of "Charles H. Smith or Cassie Smith."

At the commencement of the action the deposit books for the accounts were in the possession of plaintiff. The Savings and Loan Association deposit book has been deposited with the Clerk of the Superior Court of Bladen County pending the termination of the action.

"That the funds in question were various incomes derived from the aforesaid farm; that as to the $5,000.00 deposited in Peoples Savings and Loan Association which was made on April 6, 1955, said funds

came from a savings account in the name of the defendant Charlie H. Smith on the 5th day of April, 1955 in the Scottish Bank of Garland, said account having been opened in the amount of $5500.00 on the 26th day of January 1955, and that funds in said Scottish Bank Savings Account came from a savings account in the joint name of Mr. or Mrs. Charlie H. Smith in the Scottish Bank at Garland, N. C. which was originally opened with a deposit of $2,000.00 in September, 1945, $2,000.00 in September, 1947, and $1,000.00 in October, 1948; and from another savings deposit in the Scottish Bank in the name of Charlie H. Smith or Virgie Smith in the sum of $262.74, both accounts being closed on the 25th day of January, 1955, and proceeds therefrom in the sum of $5,500.00, deposited in the name of Charlie H. Smith on January 26, 1955 in said Scottish Bank at Garland; that as to the deposit in the name of the defendant Charlie H. Smith and plaintiff Cassie V. Smith in First-Citizens Bank and Trust Company at Clinton, N. C. said deposit was made in the original sum of $1,620.57 on the 4th day of January 1955, and that withdrawals from this account were made by the defendant Charlie H. Smith as shown by the savings account book introduced in evidence, and that there is now a balance due in said account in the sum of $1,000.00, plus accrued interest."

The court entered judgment declaring defendant the owner and entitled to the immediate possession of all the funds, including accrued interest, in both accounts, and declaring that the Savings and Loan Association and the Bank "occupy the position of stake-holders."

Plaintiff appeals.

*Clark, Clark & Grady for plaintiff, appellant.*
*Hester and Hester for defendant, appellee.*

MOORE, J.  Plaintiff excepts to the signing of the judgment and contends that, upon the facts admitted and stipulated, she is entitled to one-half of the deposits in question.

The deposit in the First-Citizens Bank and Trust Company is in the name of "Charles H. Smith or Cassie Smith."

Under the laws in this jurisdiction, nothing else appearing, money in the bank to the joint credit of husband and wife belongs one-half to the husband and one-half to the wife. *Bowling v. Bowling,* 243 N.C. 515, 519, 91 S.E. 2d 176; *Smith v. Smith,* 190 N.C. 764, 767, 130 S.E. 614; *Turlington v. Lucas,* 186 N.C. 283, 290, 119 S.E. 366.

But in the absence of evidence to the contrary the person making a deposit in a bank is deemed to be the owner of the fund. If a husband deposits his own money in a bank and the money is entered

upon the records of the bank in the name of the husband or his wife, it is still the property of the husband, nothing else appearing. *Hall v. Hall*, 235 N.C. 711, 714, 71 S.E. 2d 471; *Nannie v. Pollard*, 205 N.C. 362, 171 S.E. 341; *Jones v. Fullbright*, 197 N.C. 274, 277, 148 S.E. 229; *Thomas v. Houston*, 181 N.C. 91, 93, 106 S.E. 466.

Such deposit does not constitute a gift to the wife. To make a gift *inter vivos* there must be an intention to give coupled with a delivery of, and loss of dominion over, the property given, on the part of the donor. Donor must divest himself of all right and title to, and control of, the gift. Such gift cannot be made to take place in the future. The transaction must show a completely executed transfer to the donee of the present right to the property and the possession. *Buffaloe v. Barnes*, 226 N.C. 313, 318, 38 S.E. 2d 222; *Nannie v. Pollard, supra; Thomas v. Houston, supra*. When a husband deposits his money in the name of husband or wife, this fact taken alone does not necessarily indicate an intent to make a gift to the wife. It may, indeed, be only for the convenience of the husband. Furthermore, he does not thereby divest himself of dominion over the fund. He may withdraw any or all of it at any time. "The delivery of the deposit book for such an account is not sufficient to meet the formal requirements for a gift." 14 N.C. Law Rev. 133, and cases there cited (N. 23).

When a husband deposits his money in this manner he merely constitutes the wife his agent with authority to withdraw funds from the account, and the agency is terminated by death of the husband. (See cases cited in the second paragraph next above.) The agency may be terminated during the lives of husband and wife by withdrawal of the fund and closing the account by the husband, notice to the agent and the bank, or by other methods recognized by law for termination of the principal and agent relation. Annotation, 161 A.L.R., Joint Deposit — Powers as to, pp. 71-95; Zollmann Banks and Banking (Perm. Ed.), Vol. 5, s. 3231, p. 250; *Cashman v. Mason*, 72 F. Supp. 487, 491.

In the instant case defendant husband was the owner of a 51-acre farm at the time he married plaintiff. The funds in the deposits in question "were various incomes derived from the aforesaid farm." The only withdrawals from the account in the First-Citizens Bank and Trust Company were by the husband.

The income and profits from a farm owned by the husband are his sole and separate property. The husband has the duty to provide necessaries for his wife and must support and maintain her in accordance with his means and station in life. North Carolina has no community property law. The domestic services of a wife, while living with her husband, are presumed to be gratuitous, and the performance of work and labor beyond the scope of her usual household and marital

duties, in the absence of a special contract, is also presumed to be gratuitous. *Sprinkle v. Ponder*, 233 N.C. 312, 318, 64 S.E. 2d 171. Furthermore, where husband and wife own land by the entireties, the husband has the right to the full control of such property and to the income therefrom to the exclusion of the wife. *Porter v. Bank*, 251 N.C. 573, 577, 111 S.E. 2d 904.

Here, defendant owned the farm and the profits from the farm were his separate property. The facts stipulated and admitted do not disclose which of the parties actually made the deposit in the bank. Even so, it was stipulated that the fund so deposited was derived from the operation of the farm. This being so, it is clear that the deposit is the property of defendant husband, and the entry "Charles H. Smith or Cassie Smith" did not constitute a gift to plaintiff wife but merely made her an agent of the defendant with authority to withdraw funds from the account so long as the agency remained in effect.

At the time the deposit was made in the Peoples Savings and Loan Association plaintiff and defendant executed an agreement in writing with respect thereto. It is presumed that the agreement was in accordance with a form required or furnished by the Association and it appears that it was primarily for the protection of the Association.

By contract and agreement between husband and wife, either oral or written, a husband may vest in the wife ownership or a property right in all or a portion of a joint bank account, including the right of survivorship, at the time the deposit is made. *Wilson County v. Wooten*, 251 N.C. 667, 669, 111 S.E. 2d 875; *Bowling v. Bowling, supra; Jones v. Waldroup*, 217 N.C. 178, 7 S.E. 2d 366. See also *Comastri v. Burke*, 290 P. 2d 663, 666 (Cal. 1955); *Arsenault v. Arsenault*, 148 N.E. 2d 662, 665 (Mass. 1958). In some situations North Carolina recognizes third party contracts. *Canestrino v. Powell*, 231 N.C. 190, 56 S.E. 2d 566. But this Court has not recognized transactions between bank and depositor to a joint account as contracts enforceable in favor of the named alternate. *Jones v. Waldroup, supra;* 35 N.C. Law Rev. 80, 81.

The case at bar does not involve survivorship rights. Husband and wife are both living.

As to the Association deposit, the inquiry is whether or not the agreement executed by plaintiff and defendant at the time the deposit was made was sufficient to vest in the plaintiff wife any ownership of, or property right in, the funds so deposited. If not, this deposit is subject to the rules of law applicable to the bank deposit already discussed, and the husband is the owner and entitled to the possession of the fund.

We have carefully examined the terms of the agreement and we find nothing to indicate that the defendant recognized the ownership

and title of the plaintiff in and to the fund or any part thereof, or that he undertook to vest in her any title or ownership. It merely says that the deposit "shall be for the use and benefit of us both." It does not create a trust; the facts stipulated and agreed are insufficient to show an intent to create a trust. *Walker v. Welsh,* 11 N.E. 727 (Mass. 1887). The words "use and benefit" when construed in context mean nothing more than the right to withdraw and that the manner of use after withdrawal shall not be the basis of an action against the Association. The agreement in the *Wilson County* case used the words ". . . all funds now, or hereafter, deposited . . . shall be our joint property and owned by us . . . ."; and in the *Bowling* case the words "in the joint names of the undersigned as joint tenants . . . ." The agreement signed by plaintiff and defendant does not conform to the suggested form of agreement in G.S. 41-2.1, and this statute has no application. In any event the agreement was executed and the deposit made prior to the passage of this statute.

Under the law in this jurisdiction, defendant is the owner and entitled to the possession of the deposits in question.

The judgment below is

Affirmed.