MABEL W. MYERS v. BOBBY R. MYERS AND TRIPLE "A" CONSTRUCTION
COMPANY, INC.

No. 8312SC505

(Filed 1 May 1984)

1. **Rules of Civil Procedure § 15.1— denial of motion to amend answer—no abuse of discretion**

    In an action in which conversion of certificates of deposit was alleged, the trial court did not abuse its discretion in denying defendants' motion to amend their answer where it was apparent that the court denied the motion because it was tardily made and at that point undue prejudice could have resulted to plaintiff.

2. **Banks and Banking § 4— joint account—signature card not releasing one depositor from liability to another**

    When one spouse deposits funds into a joint account with the other, the other is designated the depositor's agent, with authority to withdraw the funds, and a depositing spouse, as principal, may bring an action in conversion against the withdrawing spouse to recover funds which that spouse has converted as agent. Therefore, defendants' motions for directed verdict and summary judgment were properly denied where plaintiff alleged that she deposited funds into a joint account with defendant-husband, and that he, without her knowledge or consent, converted the funds to his own use and refused to return them or account for them in any way. G.S. 41-2.1(b)(1).

3. **Trial § 31— peremptory instructions on right to relief and damages—improper on issue of damages**

    In an action for conversion of certificates of deposit and restitution, the trial court correctly peremptorily instructed on the issue of conversion since all the evidence supported the right to relief; however, the trial court erred in peremptorily instructing on the precise sum converted, and thus the amount of plaintiff's damages, since the jury could have drawn more than a single inference from the evidence on the issue of damages.

APPEAL by defendants from *McLelland, Judge*. Judgment entered 13 December 1982 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 15 March 1984.

*McCoy, Weaver, Wiggins, Cleveland & Raper, by E. R. Zum-walt, III, for plaintiff appellee.*

*Rose, Rand, Ray, Winfrey & Gregory, P.A., by Randy S. Gregory, for defendant appellants.*

WHICHARD, Judge.

### I.

Plaintiff and the individual defendant (hereafter defendant-husband) were married in 1974 and were divorced subsequent to institution of this action. Plaintiff brought to the marriage a house and lot obtained during a previous marriage. For nine months plaintiff and defendant-husband made mortgage payments on that house with funds from their joint account.

In September 1975 plaintiff sold the house and deposited sales proceeds of $26,156.92 into the joint account. Two months later plaintiff and defendant-husband withdrew $27,248.16 from that account, placed that sum with funds from other accounts, and opened a joint savings account containing $50,000. In October 1976 they withdrew $52,430 from that account and $2,800 from their checking account and purchased $55,000 worth of certificates of deposit issued to plaintiff or defendant-husband.

On 11 January 1980 defendant-husband, without telling plaintiff, converted these certificates to identical certificates in his name only. Defendant-husband ultimately placed the funds from these certificates in defendant-company's bank account. Defendant-husband is the president and sole shareholder of defendant-company.

Plaintiff brought this action alleging conversion of the certificates of deposit and praying for restitution. At the conclusion of all the evidence the trial court indicated that it would peremptorily instruct for plaintiff, and that it would not allow arguments. Following summarization of the evidence, it gave the following peremptory instruction:

> I, therefore, instruct you that if you believe the evidence that you have heard, it is your duty to return as your verdict favorable answers for Plaintiff, answers favorable to Plaintiff.

It is your duty, if you believe the evidence, to answer the first issue, which reads: Did the Defendants Bobby Myers and Triple "A" Construction Company, Incorporated, convert the property of the Plaintiff? "yes." [sic]

And it's your duty to answer the second issue: What amount, if any, is Plaintiff entitled to recover? if [sic] you believe all the evidence, both Plaintiff's and Defendants', "$26,156.92."

The jury found that defendants converted plaintiff's funds and that plaintiff was entitled to recover $26,156.92 plus interest from the time of conversion. From a judgment in accordance with the verdict, defendants appeal.

## II.

[1] Defendants contend the court erred in denying their motion for leave to amend their answer to allege confusion of goods, gift, and equitable set-off or mitigation of damages. A motion to amend is addressed to the sound discretion of the trial court, and denial is not reviewable absent a clear showing of abuse of discretion. *Smith v. McRary*, 306 N.C. 664, 671, 295 S.E. 2d 444, 448 (1982). While leave to amend should be freely given, a court may refuse to allow amendment if it finds undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party if amendment were allowed, futility of amendment, or other apparent or declared reason. *Ledford v. Ledford*, 49 N.C. App. 226, 232-33, 271 S.E. 2d 393, 398 (1980).

Plaintiff filed her complaint on 9 September 1980. Defendants were given nine and a half months in which to answer. They filed answer on 2 July 1981. They did not attempt to amend until after their motion for summary judgment was denied at the beginning of trial on 7 December 1982. It is apparent that the court denied the motion because it was tardily made and at that point undue prejudice could result to plaintiff. Under these circumstances we find no abuse of discretion.

## III.

[2] Defendants contend they were entitled to summary judgment and directed verdict on the basis of a bank signature card,

signed by plaintiff and defendant-husband, which provided as follows:

> We, the persons whose signatures are written above, agree that all funds deposited at any time, including those deposits prior to this date, in Southern National Bank of North Carolina in any joint deposit account (i.e. demand, savings, certificates of deposit or any other designation) of the above signed shall be held by us as co-owners with the right of survivorship regardless of whose funds are deposited and regardless of who deposits the funds. Subject to the provisions of North Carolina General Statutes Section 41-2.1, which shall govern this agreement, either (or any) of us shall have the right to draw upon such account(s), without limit; and, in case of the death of either (or any) of us, the survivor(s) shall be the sole owner(s) of the entire account.

They argue that under the terms of the signature card, the provisions of G.S. 41-2.1(b)(1), and this Court's opinion in *Benfield v. Savings & Loan Assoc.*, 44 N.C. App. 371, 261 S.E. 2d 150 (1979), defendant-husband could withdraw the entire amount in the certificates of deposit; and that he thus cannot be held liable in conversion.

G.S. 41-2.1(b)(1) does provide that either party to an agreement establishing a joint bank account with right of survivorship may deposit to or withdraw from the account, and that "any withdrawal by or upon the order of either party shall be a complete discharge of the banking institution with respect to the sum withdrawn." A signature card under this statute " 'constitutes the contract between the depositor of money, and the bank in which it is deposited, and it controls the terms and disposition of the account.' " *O'Brien v. Reece*, 45 N.C. App. 610, 617, 263 S.E. 2d 817, 821 (1980) (quoting *Colley v. Cox*, 209 Va. 811, 814, 167 S.E. 2d 317, 319 (1969)).

The statute and signature cards serve only to discharge the bank from liability to its depositors, however. They do not release one depositor to a joint account from liability to another for withdrawal which constitutes wrongful conversion.

Further, a deposit by one spouse into an account in the names of both, standing alone, does not constitute a gift to the

other. The depositor is still deemed to be the owner of the funds. For a deposit by one spouse to constitute a gift to the other, there must be donative intent coupled with loss of dominion over the property. The donor must divest himself of all right and title to, and control of, the gift. *Smith v. Smith*, 255 N.C. 152, 120 S.E. 2d 575 (1961).

Here, there is no evidence of donative intent. Further, plaintiff had the power to add to and withdraw from the account. She thus retained some dominion over the funds.

When one spouse deposits funds into a joint account with the other, the other is designated the depositor's agent, with authority to withdraw the funds. *Id.* at 155, 120 S.E. 2d at 579. A principal may maintain an action in conversion to recover funds converted by his agent. *See Finance Co. v. Holder*, 235 N.C. 96, 68 S.E. 2d 794 (1952). The depositing spouse, as principal, thus may bring an action in conversion against the withdrawing spouse to recover funds which that spouse has converted as agent.

Plaintiff alleged that she deposited funds into a joint account with defendant-husband, and that he, without her knowledge or consent, converted the funds to his own use and refused to return them or account for them in any way. Her complaint sufficed to state a claim for conversion, and her evidence sufficed to support the allegations. Defendants' motions for summary judgment and directed verdict thus were properly denied.

## IV.

[3] Defendants contend the court erred in giving the peremptory instruction set forth above. When there is no conflict in the evidence, all the evidence supports the right to relief, and only one inference can be drawn therefrom, a peremptory instruction may be given in favor of the party with the burden of proof. *Cutts v. Casey*, 278 N.C. 390, 418, 180 S.E. 2d 297, 312 (1971); *Chisholm v. Hall*, 255 N.C. 374, 376-77, 121 S.E. 2d 726, 728 (1961). Such an instruction directs the jury to answer an issue in an indicated manner if it finds the facts to be as all the evidence tends to show. *Chisholm, supra.* It "does not deprive the jury of its right to reject the evidence because of lack of faith in its credibility," however. *Id.* at 376, 121 S.E. 2d at 728; *see also Morris v. Tate*, 230 N.C. 29, 51 S.E. 2d 892 (1949).

Here, defendant-husband admitted on cross-examination that the funds from the sale of plaintiff's house were deposited into their joint checking account, and were subsequently transferred, together with other funds, first to their joint savings account, and then into joint certificates of deposit. He admitted transferring all of the certificates of deposit into his name only, without plaintiff's knowledge or consent, and that the funds were ultimately placed in the bank account of defendant-company, of which he was president and sole shareholder. He also admitted that he refused to return the funds to plaintiff upon request. Given these uncontroverted facts, unless all the funds were expended for family purposes with plaintiff's consent, *see infra*, peremptory instruction on the issue of conversion was proper.

However, under a recent decision of this Court, which was not available to the trial court when this action was tried, peremptory instruction as to the precise sum converted, and thus the amount of plaintiff's damages, was not proper.

In *McClure v. McClure*, 64 N.C. App. 318, 307 S.E. 2d 212 (1983), *disc. rev. denied*, 310 N.C. 308, 312 S.E. 2d 651 (1984), a husband and wife sold a house in Virginia which they owned as tenants by the entireties. The proceeds remaining after purchase of a new house in North Carolina were deposited into the parties' joint savings account. Over a period of time the husband withdrew therefrom the total sum of $4,849, which he used to satisfy family and household needs. Shortly before the parties separated the wife withdrew $5,500 from the account.

The wife sought to recover her share of the bank account, which she claimed to be one-half of the original $22,817.39 deposit less her $5,500 withdrawal. She contended that her husband had a unilateral duty to support her and the children, and that he could not draw on her share of the account to fulfill that obligation. The trial court disagreed, and awarded her one-half of the original deposit less the $4,849 which the husband had expended for family purposes and the $5,500 which the wife had withdrawn.

In rejecting the wife's contention and affirming the trial court, this Court took judicial notice of the fact "[t]hat spouses today commonly contribute their separate earnings or estates to joint accounts, and periodically draw therefrom to sustain the family or enhance its standard of living." *Id.* at 322, 307 S.E. 2d at

215. It stated that "absent clear and convincing evidence to the contrary, creation of a spousal joint account should as a matter of law imply consent by each spouse to use by the other of funds from the account for purposes of sustaining the family or enhancing its standard of living." *Id.* at 323, 307 S.E. 2d at 215. It thus held that upon divorce one spouse is not required to account for and reimburse sums expended for family purposes from a spousal joint account which originated in part from the other spouse's separate earnings or estate.

There was evidence here that some payments on the house which plaintiff sold were made with funds from the joint account, to which defendant-husband had contributed. There was also evidence that defendant-husband had kept the house in good repair and had it painted, and that funds from the parties' joint account, which contained the proceeds of the house sale, had been used to make family support expenditures for groceries and other items. The jury thus could draw more than a single inference from the evidence on the issue of damages, and that issue was properly for it without peremptory instruction. Defendants thus are entitled to a new trial on the issue of damages only.

Upon retrial the parties may offer evidence as to sums deposited in a joint account or accounts, expenditures made therefrom, the purpose of such expenditures, and whether they were made with the consent of the originating party. If evidence tends to show that portions of plaintiff's $26,156.92 were expended to sustain the family or enhance its standard of living, the burden is on plaintiff to show by clear and convincing evidence the nonconsensual nature of such expenditures. *McClure, supra.* If plaintiff offers such evidence, sufficient to satisfy the jury that any such expenditures were made without her consent, the jury may award her the entire sum claimed. If not, however, it must deduct from the sum claimed any sums expended therefrom for family purposes with plaintiff's consent. The jury should be instructed, and the issue submitted, accordingly.

New trial.

Judges HEDRICK and WELLS concur.