MUTUAL COMMUNITY SAVINGS BANK v. BOYD

[125 N.C. App. 118 (1997)]

---

MUTUAL COMMUNITY SAVINGS BANK, S.S.B., A NORTH CAROLINA CORPORATION, PLAINTIFF v. VIRGINIA BOYD, EXECUTRIX OF THE ESTATE OF EDDIE HARGROVE; AND HENRIETTA HARGROVE, DEFENDANTS

No. COA96-303

(Filed 7 January 1997)

1. **Banks and Other Financial Institutions § 55 (NCI4th)— right of survivorship—CD—decedent—spouse—absence of written statement—signature card**

The trial court correctly determined that rights of survivorship were not created where the decedent purchased two certificates of deposit from the plaintiff, a savings and loan association, and sometime later executed, along with his wife, two signature cards, but the boxes on both the signature cards indicating an intention to create joint accounts with rights of survivorship were not marked. State statutes require that all the parties seeking to establish an account with a right of survivorship must sign a written statement expressly showing their election of the right of survivorship. N.C.G.S. § 41-2.1(a); N.C.G.S. § 53-146.1(a); N.C.G.S. § 54B-129(a); N.C.G.S. § 54-109.58(a); N.C.G.S. § 41-2.

**Am Jur 2d, Banks §§ 369 et seq.**

2. **Banks and Other Financial Institutions § 56 (NCI4th)— extrinsic evidence—joint tenancy—ambiguity—signature card—CD—intent of decedent and spouse**

Parol evidence was not admissible to establish that decedent and his wife intended to establish a joint tenancy with rights of survivorship in two certificates of deposit where there was some ambiguity in the signature cards as to what type of accounts were created and there was some evidence suggesting that the parties intended to create accounts with rights of survivorship, but the existence of an ambiguity in the agreement demonstrates that

there has been no express or definite declaration of intent to create rights of survivorship.

**Am Jur 2d, Banks §§ 369 et seq., 467.**

3. **Banks and Other Financial Institutions § 56 (NCI4th)— summary judgment—decedent—spouse—CD—material issue—ownership—signature card**

Summary judgment was improperly entered where the defendant, decedent's wife, raised a genuine issue of material fact with respect to the ownership of certificates of deposit which were titled in the name of the decedent by her affidavit testimony that funds used to purchase the certificates belonged to both decedent and her.

**Am Jur 2d, Banks §§ 459-461.**

Appeal by defendant Henrietta Hargrove from orders entered 5 October 1995, 27 October 1995 and 21 November 1995 in Guilford County Superior Court by Judge Catherine C. Eagles. Heard in the Court of Appeals 20 November 1996.

*No brief filed for plaintiff Mutual Community Savings Bank.*

*Ronald Barbee for defendant-appellee Virginia Boyd.*

*Alexander Ralston Speckhard & Speckhard, L.L.P., by Donald K. Speckhard, for defendant-appellant Henrietta Hargrove.*

GREENE, Judge.

Henrietta Hargrove (Hargrove), the former wife of the deceased Eddie Hargrove (decedent), appeals from the entry of partial summary judgment entered for Virginia Boyd, executrix of the estate of the decedent (Boyd), in an interpleader action filed by Mutual Community Savings Bank (Savings Bank) to determine ownership of two Certificates of Deposit (CD's) held by the Savings Bank in the name of the decedent. In July 1992 the decedent and Hargrove went to the Savings Bank and met with Jacqueline S. Jolly (Ms. Jolly), the secretary to the manager of the Savings Bank. Ms. Jolly testified that the decedent told her he "wanted to put his wife on his accounts." She further stated that the decedent did not specifically say "joint account with right of survivorship" but that she "knew what he meant." Ms. Jolly witnessed both the decedent and his wife sign a new signature card for each of the CD's. The signature cards contain two blocks, one which indicates the account is "individual" and the other indicates

that the account is "joint." Underneath the box labeled "joint" is a paragraph which states in part: "We understand that by establishing a joint account . . . that . . . upon the death of one joint owner the money remaining in the account will belong to the surviving joint owners and not pass by inheritance to the heirs of the deceased joint owner or be controlled by the deceased joint owner's will." Neither box was checked by either the decedent, his wife, or Ms. Jolly. There is nothing on either signature card to indicate what type of account is created if neither box is checked. Ms. Jolly testified that she did the typing on both the cards.

As of the decedent's death, in January 1993, the CD's had not been changed. Shortly after this date, Hargrove went to the Savings Bank and withdrew the balance from the two CD's and placed it in a new account. The Savings Bank then froze the new account pending the outcome of this litigation.

Hargrove and Boyd filed motions for summary judgment.[1] In support of her motion, Hargrove offered an affidavit stating that at the time the signature cards were signed it was her "intent and desire to open and establish . . . a joint account with right of survivorship." She also stated in the affidavit that the funds used to purchase the CD's "belonged to both" she and the decedent. Hargrove contends that she is the owner of the funds as a matter of law; Boyd contends that the decedent's estate is the owner. The trial court denied Hargrove's motion and granted partial summary judgment for Boyd, finding that the CD's are not owned by the decedent and Hargrove as joint tenants with rights of survivorship. The trial court further found that Boyd is "entitled to at least fifty percent of the proceeds which . . . Hargrove withdrew from the two said certificates of deposit." The court stated that it would "decide the issue of . . . who owns the balance of the funds" at a "later date."

The issues are (I) whether the signature cards executed by the decedent and Hargrove established joint accounts with rights of survivorship; and if not, (II) whether parol evidence is admissible to show that the parties intended to establish joint accounts with rights of survivorship; and if not, (III) whether Hargrove has any ownership interest in the balance of the CD's.

---

1 Boyd also filed a crossclaim against Hargrove alleging that Hargrove had refused to turn over the funds to the estate. The trial court denied Hargrove's motion to dismiss the crossclaim and Hargrove appeals this ruling to this Court. We do not address this appeal as it is premature. *Burlington v. Richmond County*, 90 N.C. App. 577, 581 S.E.2d 121 (1988) (denial of motion to dismiss a crossclaim is interlocutory).

I

**[1]** Parties seeking to establish with a banking institution, a savings and loan association, or a credit union, a right of survivorship in a "deposit account" (with a bank), a "withdrawable account" (with a savings and loan association), or an "account" (with a credit union), must comply with either the requirements of N.C. Gen. Stat. § 41-2.1, N.C. Gen. Stat. § 53-146.1(a) (with a bank), N.C. Gen. Stat. § 54B-129(a) (with a savings and loan association), or N.C. Gen. Stat. § 54-109.58(a) (with a credit union). All of these accounts include checking, savings and certificates of deposit. *See* N.C.G.S. § 41-2.1(e)(2) (defining "deposit account" to include "time and demand deposits"); N.C.G.S. § 53-1(2) (defining demand deposits as those "the payment of which can be legally required within 30 days"); N.C.G.S. § 53-1(7) (defining time deposits as those "the payment of which cannot be legally required within 30 days"); N.C.G.S. § 54B-4(b)(53) (defining "withdrawable account" as any account "which may be withdrawn by the account holder"). These statutes require that all the parties seeking to establish an account with a right of survivorship must sign a written statement *expressly* showing their election of the right of survivorship. N.C.G.S. § 41-2.1(a) (1996); N.C.G.S. § 53-146.1(a) (1994); N.C.G.S. § 54B-129(a) (1992); N.C.G.S. § 54-109.58(a) (1992); N.C.G.S. § 41-2 (1996) (instrument creating joint tenancy with right of survivorship must "expressly" so provide).

In this case, the decedent purchased two CD's from the Savings Bank, a savings and loan association, and sometime later executed, along with his wife Hargrove, two signature cards. The boxes on both the signature cards indicating their intention to create joint accounts with rights of survivorship were not marked. Thus, although there are survivorship provisions on each of the cards, that language was not given effect and could be given effect only upon the marking of the "joint" account boxes. *See O'Brien v. Reece*, 45 N.C. App. 611, 617, 263 S.E.2d 817, 821 (1980) (rejection of right of survivorship where the parties did not check the "joint" account box). Because the signature cards do not expressly reveal the parties' intention to establish joint accounts with rights of survivorship, the trial court correctly determined that rights of survivorship were not created.

II

**[2]** The general rule is that if the terms of an agreement "are equivocal or susceptible of explanation by extrinsic evidence" that evidence is admissible to explain the terms of the agreement. *Goodyear v.*

*Goodyear*, 257 N.C. 374, 380, 126 S.E.2d 113, 118 (1962); 32A C.J.S. *Evidence* § 959(1) (1962). Extrinsic or parol evidence, however, of the parties' intent to establish a joint tenancy with rights of survivorship is not admissible. *See In Re Estate of Heffner*, 99 N.C. App. 327, 329-30, 392 S.E.2d 770, 772 (1990) (use of the "subjective determination of the parties' intent" would create "uncertainty and increased litigation"). Indeed, the existence of an ambiguity in the agreement (which would normally give rise to the use of parol evidence) demonstrates that there has been no express or definite declaration of intent to create rights of survivorship, a requirement of the statute. Thus, although there is some ambiguity in the signature cards as to what type of CD's were created and there is some evidence suggesting that the parties intended to create accounts with rights of survivorship, the type of CD's created must be decided on the sole basis of the signature cards and extrinsic evidence is not admissible.

III

[3] The ownership of funds in a bank account is presumed to belong to or be owned by the person(s) named on the account. *See* 9 C.J.S. *Banks & Banking* § 280 (1996); *see also Smith v. Smith*, 255 N.C. 152, 154, 120 S.E.2d 575, 578 (1961). When, however, a controversy arises with respect to the ownership of the funds, ownership must be determined after consideration of several factors: "facts surrounding the creation and history of the account, the source of the funds, the intent of the depositor . . . the nature of the bank's transactions with the parties," 9 C.J.S. *Banks & Banking* § 281 (1996); *see McAulliffe v. Wilson*, 41 N.C. App. 117, 120, 254 S.E.2d 547, 549 (1979), and whether the owner of the monies deposited in the bank intended to make a gift to the person named on the account.[2] *See Smith*, 255 N.C. at 155, 120 S.E.2d at 578.

In this case, the CD's were placed in the name of the decedent at the time of their purchase and the execution of the signature cards did not alter that title.[3] Thus there arises a presumption that the funds from the CD's belong to the decedent's estate. Hargrove, however, raised a genuine issue of material fact with respect to the owner-

___

2. A gift is established upon a showing that there was donative intent "coupled with loss of dominion over the property." *Meyers v. Meyers*, 68 N.C. App. 177, 181, 314 S.E.2d 809, 813 (1984) (gift not shown where depositor retained right to withdraw funds from account).

3. The addition of Hargrove's name to the signature card simply authorized her to make withdrawals on the account; such authorization terminated as a matter of law upon the death of the decedent. *See Smith*, 255 N.C. at 155, 120 S.E.2d at 579.

ship of those funds when she testified (in the affidavit) that the funds used to purchase the CD's belonged to she and the decedent. *See Gore v. Hill,* 52 N.C. App. 620, 621, 279 S.E.2d 102, 104 (summary judgment not proper where genuine issue of fact exists), *disc. rev. denied,* 303 N.C. 710, 283 S.E.2d 136 (1981). Thus summary judgment was improperly entered and this case must be remanded to the trial court for determination of the ownership of the funds after presentation of evidence on the factors discussed herein.

Affirmed in part, reversed in part and remanded.

Judges WYNN and MARTIN, John C., concur.